Per Curiam.

Defendant Burwell, who did not testify, suffered no prejudicial error in the admission of his codefendants ’ confessions, since the confessants testified and were available to Bur-well for cross-examination. The rule in People v. Anthony (24 N Y 2d 696, 702-703) is applicable and determinative.
Nor did defendants. McMoore and Washington suffer prejudicial error in the admission of the several confessions, under limiting instructions. Since all the defendants on trial had separately confessed in substantially identical terms, the rule in People v. McNeil (24 N Y 2d 550, 552-553) is applicable and determinative. Any of the confessed versions of the affray vary only as to the precipitating event, but in common show concerted action. Similarly, given a common shared intent it makes no difference whether McMoore stabbed the victim by direct movement of his arm or that the victim was impaled *335 on the knife held by McMoore when the victim was pushed by a confederate of McMoore.
Apart from the admission of the confessions, a number of errors are urged with respect to the adequacy of the proof and the conduct of the trial. They have been considered but do not merit further discussion.
While no trial incident requires that there be a new trial, a suggestive pre-arraignment lineup requires as to all defendants that the case be remanded for a hearing to determine whether the in-court identifications have an independent basis.
Defendants were arrested in the early hours of December 27, 1962, and questioned during the day. A lineup, viewed by the surviving youths attacked, was held at 2:45 p.m. that afternoon. (51 Misc 2d 269, 272-273.) At this lineup, held approximately one week after the crime, the defendants were placed in a line with four police officers and a civilian who happened to be present in the station house. Burwell was then 19 years old, McMoore, 17, and Washington, 18. The police officers taking part in the lineup were at the time of trial (8% months after the lineup) 27, 35, 39, and 48 years of age. Washington, whom witnesses had first said was bald, appeared in the lineup with a shiny rag on his head.
A second lineup was held ten minutes after the first, and two additional policemen, aged 35 and 39, were added.
Photographs were taken of both lineups and put in evidence by the prosecutor, after the lineups had been disclosed and made an issue by the defense on direct and cross-examination. A comparison of the order of the eight-man lineup with the exhibits in evidence indicates that defendants, the third, sixth, and eighth men in the lineup, as numbered from the left, were quite distinctive, and an identification by suggestion was highly likely.
It is hardly necessary to reach another interesting issue arising from the pre-arraignment lineup of defendants on the day of their arrest, a week after the crime. It involves only defendant Burwell. His attorney had asked to see Burwell before the lineup, but was not allowed access to his client until after the lineup had been conducted. The confrontation occurred prior to June 12, 1967, and, therefore,, was not subject to the *336 prospective rules requiring presence of counsel at post-arraignment lineups announced on that day in United States v. Wade (388 U. S. 218, 236-237); Gilbert v. California (388 U. S. 263, 272), and Stovall v. Denno (388 U. S. 293, 296). Nevertheless, the failure to arrange for the presence at the lineup of a defendant’s lawyer, then seeking access to his client, is suggestive of a violation, in spirit at least, of the principles previously laid down by this court when coupled with the mandates of the Stovall-Wade-Gilbert triology of cases (cf. People v. Noble, 9 N Y 2d 571; People v. Donovan, 13 N Y 2d 148, 152-153).
Because the lineups were improperly suggestive a hearing is necessary to determine whether the lineups influenced the in-court identifications. The in-court identifications were properly admitted only if the prosecution can establish, by clear and convincing evidence, that the in-court identifications were based on observations other than the lineups (see People v. Ballott, 20 N Y 2d 600, 606-607). The issue is particularly significant because victims testified that they were able to see the faces of their assailants only for seconds or at most a minute. Without in-court identifications, evidence of implication of defendants as the assailants depends on the defendants’ confessions, two of which were repudiated.
Accordingly, the Burwell judgment of conviction should be modified to the extent of directing a hearing on the issue of the in-court identification, and, as so modified, affirmed; and the order of the Appellate Division, insofar as it reverses the judgments. of conviction of McMoore and Washington, should be reversed, the judgments of conviction reinstated, and a hearing directed on the issue of the in-court identification.