■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS SIMON, Appellant.—Judgment, Supreme Court, Bronx County, rendered December 13, 1973, convicting defendant after a jury trial, of the crimes of robbery in the first degree, grand larceny in the second degree and possession of a weapon as a misdemeanor, and sentencing defendant to concurrent terms of imprisonment of 6 to 18 years, 2 ⅓ years to 7 years, and 1 year

respectively, reversed, on the law, the judgment vacated and the matter remanded for a new trial. Order, Supreme Court, Bronx County, entered October 31, 1973, denying defendant's motion to suppress, reversed, on the law and the facts, and the motion granted to the extent of suppressing any identification testimony by the witness Bernard Glick. The major issue in this case involved identification. The People, in support of its case, presented four witnesses who had been present at the time of the robbery. The first witness stated specifically that she did not see the perpetrator of the crime present in the courtroom. A second witness stated merely that the defendant resembled the person she had seen at the time of the commission of the crime. She particularly noted that certain features of the defendant were different from those of the perpetrator. It is to be noted that this witness had the longest opportunity to observe the person who had committed the crime. A third witness, Janet Logan, did, indeed, identify defendant. Identification testimony by this witness had been the subject of a pretrial motion to suppress. The court that conducted the *Wade* hearing actually found that this witness was confused and that her testimony conflicted with that of two other witnesses, i.e., Bernard Glick and Detective Tracy. The court was willing to suppress Janet Logan's identification testimony but counsel for the defendant decided to withdraw his motion with respect to that witness in order to utilize the inconsistencies in her testimony by bringing it to the attention of the jury. In essence, the People's case depended upon the testimony of the witness Bernard Glick. Although there were some discrepancies in his testimony, Glick positively identified the defendant. The identification testimony of this witness was also the subject of a pretrial *Wade* hearing. At the hearing it was shown that Bernard Glick had been permitted to see the defendant at a highly suggestive arraignment showup. The hearing court *apparently* suppressed that identification. However, the court did permit the witness Bernard Glick to testify as to an identification he had made as a result of being shown six photographs by Detective Tracy. The court also permitted Glick to make an in-court identification although it did not rule on whether there had been an independent source for such identification untainted by the prior arraignment showup. We find that it was error to deny the motion to suppress with relation to the witness Bernard Glick, and that the motion should have been granted with respect to the photographic identification as well as any in-court identification by that witness. The witness Glick had been shown six photographs. Although defendant had been described as being 25 years of age, 5 feet 10 inches, 145 pounds, four of the six photographs were of men considerably older, heavier, and bearing no facial resemblance to the defendant. And, it is to be noted that the precise ages or dates of birth were shown on four of the photographs. While one of the photographs was of a person bearing a resemblance to defendant, that photograph was of a 20 year old, whose age also appeared on the picture. Additionally, the photograph of the defendant was different from the others in several respects—it was faded; and contained a profile shot as well as a front view. Such an array of photographs was highly suggestive and almost pointed to the defendant's picture as being that of the perpetrator. Any identification which flowed therefrom cannot be accepted and must be suppressed. Furthermore, it must also be concluded that any in-court identification by the witness Glick should also be suppressed. The evidence revealed that Glick viewed the defendant on several sporadic occasions for a total of 30 seconds under the stress of the robbery then in progress. And subsequent to the robbery, as above discussed, the witness was permitted to make two identifications under circumstances

which were unusually suggestive. It therefore cannot be said that the People proved "by clear and convincing evidence" *(United States v Wade,* 388 US 218, 240; *People v Ballott,* 20 NY2d 600, 606) that an in-court identification of defendant by the witness Glick was based upon observations untainted by the suggestive criminal court showup as well as the suggestive photographic identification procedures. Concur—Stevens, P. J., Murphy, Tilzer and Capozzoli, JJ.; Kupferman, J., dissents and votes to affirm.