■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. SHEA, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered August 14, 1975, convicting him of attempted robbery in the second degree, upon a guilty plea, and imposing sentence. The appeal also brings up for review (1) a decision of the same court which, after a hearing, denied defendant's motion made to suppress an in-court identification and (2) an order of the same court, entered June 25, 1976, which denied his motion to inspect the presentence probation report. Judgment reversed, on the law and the facts, motion to suppress identification testimony granted, and matter remanded to the County Court for further proceedings not inconsistent herewith. The order denying the motion to inspect the presentence report is not properly before this court. That order was made after entry of the judgment of conviction and is plainly dehors the judgment record (see CPL 1.20, subd 15). The motion to suppress identification testimony was improperly denied. The photographic identification procedures were impermissibly suggestive. Photographs are suggestive where some characteristic of one picture draws the viewer's attention, indicating that the police have made a particular selection *(People v Simon,* 49 AD2d 517). In the case at bar, the defendant's picture was a color photograph which was not an official "mug shot", much smaller in size than the others, and it revealed the defendant's name. In addition, there were multiple photographs of the defendant. The photo array was also suggestive

in that the defendant's photograph depicted a subject who alone had an identifying characteristic, i.e., a blonde "afro", as described by the witness (see *People v Lebron,* 46 AD2d 776). The prosecution failed to establish by clear and convincing evidence that the in-court identification was based upon observations other than the pretrial photo array (see *People v Burwell,* 26 NY2d 331, 336; *People v Ballott,* 20 NY2d 600, 606). The witness had observed the defendant, who had been wearing a bandana extending downward from the tip of his nose, for only 10 to 12 seconds. Margett, Acting P. J., Damiani, Rabin, Shapiro and Titone, JJ., concur.