■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANNEL KENNEDY, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered March 17, 1983, convicting her of robbery in the first degree (seven counts), and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the defendant's motion to suppress certain evidence.

Judgment affirmed.

We find no improprieties in the procedure used by the police to obtain the defendant's photograph. Further, we find that the photographic identification procedures used were not impermissibly suggestive *(see, People v Adams,* 53 NY2d 1, *cert denied* 454 US 854; *People v Gonzalez,* 39 NY2d 122; *People v Shea,* 54 AD2d 722).

The defendant failed to make out a prima facie case of discrimination by the prosecutor in the use of peremptory challenges to exclude black persons from the jury *(see, Batson v Kentucky,* 476 US —, 90 L Ed 2d 69).

The trial court did not err in excluding from evidence certain letters written by another participant in the crime which the defendant had contended were admissible as declarations against penal interest. Given the passage of time between the defendant's arrest and the time that the letters were written, the character of the declarant, and his obvious intent to exculpate his "good friend", the trial court correctly ruled that the necessary supporting circumstances tending to attest to the trustworthiness and reliability of the declarations were lacking in this case *(see, People v Shortridge,* 65 NY2d

309; *People v Geoghegan,* 51 NY2d 45; *People v Maerling,* 46 NY2d 289; *People v Settles,* 46 NY2d 154). Mangano, J. P., Gibbons, Bracken and Spatt, JJ., concur.