■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER H. EMMONS, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Saratoga County (Harrigan, J.), rendered March 8, 1985, upon a verdict convicting defendant of the crime of rape in the first degree.

Defendant was indicted by a Grand Jury for rape in the first degree. At the ensuing trial, he testified in his own

behalf. His defense essentially consisted of an alibi and the argument that the 14-year-old victim's identification of him as her assailant was faulty. The jury returned a verdict of guilty as charged and defendant was sentenced as a predicate felon to a prison term having a maximum of 25 years and a minimum of 12½ years. This appeal followed.

Defendant first argues that a photographic array presented to the victim by the police on August 8, 1984, six days after the event, was so suggestive and unnecessary as to violate defendant's due process rights. We disagree. A photographic array is suggestive when some characteristic of one picture draws the viewer's attention to that picture, indicating that the police have made a particular selection (People v Shea, 54 AD2d 722). An examination of the seven-picture array employed in this case demonstrates that such was not the situation here. Defendant was not unusually dressed, nor did his appearance and pose differ greatly from those of the men in the other photographs. It may have been better practice to have taken defendant's picture against a white background as were the others, but it cannot be said that this difference amounted to an unduly suggestive procedure. Each man, including defendant, had a beard and a mustache. The fact that defendant's picture was placed in the center of the array did not indicate that he was the suspect.

Defendant next contends that the jury verdict was against the weight of the evidence. This contention is rejected. There was ample evidence in the record for the jury to conclude that defendant committed the crime charged. The discrepancies between the initial description of the victim's assailant and defendant's actual description were not significant enough to cast doubt on the reliability of the identification. Although the victim initially said that her assailant was clean shaven, she picked defendant's bearded picture out of the photographic array. The victim had ample opportunity to observe her assailant and the rape occurred in broad daylight.

Additionally, there was other evidence connecting defendant to the crime. The assailant initially approached the victim in a light blue car and asked her the location of a certain residence. He also told her that he was on probation in Warren County. The woman who lived at the residence which the assailant was seeking identified defendant as the person who came to her home. Defendant admitted that he was there in a light blue car. Defendant was on probation at the time. This information was reported by the victim to the police

prior to defendant's arrest. She could only have gained such information from defendant.

Defendant further argues that he was deprived of the effective assistance of counsel. This claim of error is not supported by the record and is therefore without merit. The decision to allow defendant to testify was a strategic one. Defendant claimed that he had never met or seen the victim prior to court appearances pertaining to this case. The fact that defendant was not found to be credible by the jury does not mean that the decision to testify was not a matter of trial strategy or tactics. "[T]rial tactics which terminate unsuccessfully do not automatically indicate ineffectiveness" *(People v Baldi,* 54 NY2d 137, 146). Counsel's representation need not be error free to be constitutionally adequate *(People v LaBree,* 34 NY2d 257, 260-261).

Defendant next claims that it was an abuse of discretion for County Court to rule that defendant may be cross-examined as to six previous convictions: a 1975 criminal mischief; a 1977 assault; a 1978 robbery; a 1982 escape; and a 1984 larceny. We disagree, since these convictions clearly demonstrate defendant's willingness to place his own interests above those of society *(see, People v Sandoval,* 34 NY2d 371, 377; *see also, People v Bennette,* 56 NY2d 142). Nor do we find the 1975 conviction for criminal trespass to be too remote to be material on the issue of credibility, as defendant urges.

Finally, we decline to disturb the sentence imposed by County Court on the ground that it is unduly harsh or excessive, as defendant claims. The imposition of a sentence rests with the sound discretion of the sentencing court and should not be disturbed in the absence of a clear abuse of discretion or unless the case involves extraordinary circumstances *(see, People v Farrar,* 52 NY2d 302, 305; *People v Allyn,* 92 AD2d 692, 693). There is no showing of any abuse of discretion or of extraordinary circumstances in this case. The judgment should be affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Main, Mikoll and Harvey, JJ., concur.