■ NANCY A. SIMET, Appellant, v NEW ROCHELLE HOSPITAL MEDICAL CENTER, Respondent.—In an action to recover damages for personal injuries resulting from medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Nastasi, J.), entered February 5, 1987, which after a jury trial, is against her and in favor of the defendant.

Ordered that the judgment is affirmed, with costs.

On the instant appeal, the plaintiff argues that the jury's verdict in favor of the defendant was against the weight of the evidence and that a new trial is warranted. We disagree. It "has often been stated that a jury verdict in favor of a defendant should not be set aside unless 'the jury could not have reached the verdict on any fair interpretation of the evidence' " *(Nicastro v Park,* 113 AD2d 129, 134, quoting from *Delgado v Board of Educ.,* 65 AD2d 547, *affd* 48 NY2d 643; *see also, Zimmermann v Spaziante,* 143 AD2d 745). A review of the record reveals there are numerous fair interpretations of the evidence to support the jury's verdict and thus we decline to set it aside.

We further find there is no merit to the plaintiff's contention that the trial court erred when it precluded voir dire of prospective jurors regarding their ability to ignore a medical malpractice panel finding of no liability. Generally, a Trial Judge has the right to control an attorney's questioning of prospective jurors during voir dire so as to limit questions to their proper function of determining whether the juror will be impartial and will decide the case on the basis of the law and the evidence. The degree of that participation is largely left to the Judge's discretion *(see, People v Biondo,* 41 NY2d 483; *People v Boulware,* 29 NY2d 135; *Matter of Mertens,* 56 AD2d 456, 464-465). Here, the Trial Judge did not improvidently exercise that discretion as it is not the job of counsel to question prospective jurors as to their attitudes on matters of law and, as a matter of law, a medical malpractice panel recommendation can be rejected by a jury *(see,* Judiciary Law

§ 148-a [8]). The qualifications of a juror do not depend in any degree upon his or her knowledge or want of knowledge of the laws of evidence. These are all matters which the juror is bound to take from the court *(see, People v Boulware, supra).* As noted in *People v Boulware (supra,* at 141): " 'A juror cannot be a law to himself, but is bound to follow the instructions of the court in that respect' ".

We further note that the trial court instructed the jury three times that it could ignore the findings of the medical malpractice panel. Furthermore, there was extensive questioning during jury selection regarding each juror's ability to follow instructions. These questions were proper and gave the plaintiff the proper information from which to assess whether the jurors would be impartial.

We have considered the plaintiff's remaining contentions and find them to be without merit. Mollen, P. J., Thompson, Kunzeman and Rubin, JJ., concur.