◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALPHONSO BROWN, Also Known as GATOR BROWN, Appellant. —Mercure, J. Appeal from a judgment of the County Court of Rensselaer County (Aison, J.), rendered April 10, 1989, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

On December 29, 1987, Kevin Dash, an undercover agent for the Troy Police Department Special Operations Unit, purchased a quantity of cocaine from defendant. Prior to the drug sale, Dash reviewed a number of photographs at the police station. After the sale, Dash informed the police that he had purchased the cocaine from one of the men in the photographs previously shown to him. Dash then identified defendant from one of the photographs as the one who had sold him the cocaine. A *Wade* hearing was held and County Court deter-

mined that the photographic array was not unduly suggestive and, alternatively, that there existed an independent basis for Dash's in-court identification of defendant. Following a jury trial, defendant was found guilty of criminal sale of a controlled substance in the third degree and sentenced to an indeterminate prison term of 6 to 18 years.

On this appeal, defendant argues that the identification testimony of the police informant was prompted by an unduly suggestive photo array and that County Court erred in refusing to suppress the in-court identification. We disagree. A photographic array is suggestive when some characteristic of one picture draws the viewer's attention in such a way as to indicate that the police have made a particular selection *(People v Emmons,* 123 AD2d 475, 476, *lv denied* 69 NY2d 827; *People v Shea,* 54 AD2d 722). An examination of the eight-picture array employed here demonstrates that while defendant was photographed from closer range than the others, neither this difference nor others, including the absence of a height chart *(cf., People v Ryan,* 147 AD2d 508) and a slightly different background *(see, People v Emmons, supra),* impermissibly drew attention to defendant's photograph.

We also reject defendant's contention that, by closing the courtroom during testimony of an undercover narcotics officer, County Court unconstitutionally deprived him of a public trial. The right to a public trial is not absolute *(People v Hinton,* 31 NY2d 71, 73-74, *cert denied* 410 US 911) and may be denied, subject to the discretion of the trial court, to preserve order and decorum in the courtroom and to protect the rights of parties and witnesses *(People v Jelke,* 308 NY 56, 63). A courtroom cannot be closed on purely speculative and general concerns relative to the hazards of an undercover officer's occupation *(see, People v Cordero,* 150 AD2d 258, *affd* 75 NY2d 757). However, where, as here, the record demonstrates through the officer's own testimony that he is involved in ongoing narcotics investigations, that he observed weapons in the possession of persons whom he was investigating, and that his safety, as well as the safety of those who worked with him, could be in jeopardy by testimony given in open court, we cannot say that County Court has abused its discretion in closing the courtroom *(see, People v Jones,* 47 NY2d 409, 414-415, *cert denied* 444 US 946; *People v Hinton, supra; People v Santos,* 154 AD2d 284, 285, *lv denied* 75 NY2d 817).

Defendant's claim that County Court erred in admitting the cocaine because of gaps in the chain of custody is similarly meritless. Chain of custody requirements should not be ex-

tended to "unreasonable limits" *(People v Julian,* 41 NY2d 340, 343) and may be excused "where the circumstances provide reasonable assurances of the identity and unchanged condition of the sample" *(Amaro v City of New York,* 40 NY2d 30, 35). Here, the cocaine was constantly under the authority of the police from the time of its purchase by the undercover buyer, and the outer wrappings were appropriately initialed. In our view, the identity and unchanged condition requirements were met. "Any deficiencies in the chain of custody were properly resolved by the jury in its evaluation of the weight of the evidence" *(People v Donovan,* 141 AD2d 835, 837, *lv denied* 72 NY2d 1044).

We have examined defendant's remaining contentions, including his challenge to the propriety of the sentence, and find them to be without merit.

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Mercure and Harvey, JJ., concur.