■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHAN LEWIS, Appellant. [601 NYS2d 943] —Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered June 1, 1989, convicting him of robbery in the first degree (four counts), grand larceny in the second degree (three counts), and grand larceny in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of, *inter alia,* that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant maintains on appeal that reversal is required as to one count of robbery in the first degree and one count of grand larceny in the first degree, relating to the robbery of a jewelry store, due to the receipt into evidence of physical evidence illegally seized without a warrant, namely, papers recovered from his automobile which came from the jewelry store.

Contrary to the conclusion of the hearing court, we find that a warrant should have been procured prior to the seizure and subsequent search of a vehicle owned by the defendant, which was found parked in the driveway of his sister's home and was seized approximately three weeks following his arrest. Not only do we find none of the "automobile exceptions" to the warrant requirement applicable herein *(see, Coolidge v New Hampshire,* 403 US 443, 456-462), we further find that there was no cause for a warrantless search or seizure based merely upon the fact that the vehicle was in "plain view" *(see, People v Spinelli,* 35 NY2d 77, 80; *see also, Coolidge v New Hampshire, supra,* at 463-466), since there were no exigencies here presented to obviate the need for a warrant *(see, Coolidge v New Hampshire, supra,* at 468; *People v Jackson,* 41 NY2d 146, 150; *People v Spinelli, supra,* at 81-82).

Nevertheless, notwithstanding all of the above, we find that the error in the admission of the physical evidence which was recovered from the vehicle, which constituted circumstantial evidence connecting the defendant to the jewelry store robbery, was harmless beyond a reasonable doubt *(see, People v Almestica,* 42 NY2d 222, 224; *People v Crimmins,* 36 NY2d 230, 237).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Rosenblatt, J. P., Miller, Santucci and Joy, JJ., concur.