■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY SIETESKI, Appellant. [661 NYS2d 364] —Judgment unani-

mously affirmed. Memorandum: On February 15, 1989, John Anastasi killed the husband of defendant's former paramour. Posing as a deliveryman, Anastasi forced his way into the apartment of the victim and stabbed him nine times. When Anastasi was arrested six days later, he told the police that he had been paid by defendant to assault the victim, whom he then killed in self-defense. Both defendant and Anastasi were charged with conspiracy in the second degree, murder in the second degree and burglary in the first degree, among other offenses. Anastasi, who was tried separately and convicted on all counts, testified at defendant's trial in return for leniency from the sentencing court. The jury convicted defendant of conspiracy in the fourth degree (Penal Law § 105.10 [1]), murder in the second degree (Penal Law § 125.25 [3] [felony murder]), manslaughter in the first degree (Penal Law § 125.20 [1]), and burglary in the first degree (Penal Law § 140.30).

Defendant contends that a photographic array shown to two witnesses by the police was impermissibly suggestive. We disagree. "A photographic array is suggestive when some characteristic of one picture draws the viewer's attention in such a way as to indicate that the police have made a particular selection" (*People v Brown,* 169 AD2d 934, 935, *lv denied* 77 NY2d 958; *see, People v Emmons,* 123 AD2d 475, 476, *lv denied* 69 NY2d 827). Here, the photographs of defendant and the other subjects in the array depicted men with similar physical appearances and clothing (*see, People v Lynch,* 158 AD2d 472, 473), and the viewer's attention was not drawn to a particular subject (*see, People v Gettys,* 162 AD2d 963, *lv denied* 76 NY2d 857; *People v Davis,* 148 AD2d 952, *lv denied* 74 NY2d 663). The fact that only defendant's photograph showed a clock and calendar in the background does not by itself render the array suggestive (*see, People v Guzman,* 220 AD2d 614, 615, *lv denied* 87 NY2d 921; *People v Robert,* 184 AD2d 597, *lv denied* 80 NY2d 933; *People v Brown, supra,* at 935).

Defendant failed to preserve for our review his contention that the prosecutor improperly used peremptory challenges to exclude persons of Slavic descent from the jury (*see,* CPL 470.05 [2]), and we decline to exercise our power to reach that issue as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). We reject the contention of defendant that a reconstruction hearing should be ordered to determine whether he was improperly excluded from sidebar conferences during jury selection. Defendant's trial was conducted before the Court of Appeals decided *People v Antommarchi* (80 NY2d 247, *rearg denied* 81 NY2d 759), which does not apply retroactively (*People v Sprowal,* 84 NY2d 113).

We further conclude that the accomplice testimony of Anastasi is amply corroborated by other trial evidence "tending to connect the defendant with the commission" of the crimes (CPL 60.22 [1]; *see, People v Cunningham*, 48 NY2d 938, 940). Because there is no reasonable view of the evidence that would support a finding that defendant and Anastasi conspired to commit a misdemeanor and not a felony, County Court properly denied defendant's request to charge conspiracy in the sixth degree as a lesser included offense of conspiracy in the fourth degree (*see, People v Glover*, 57 NY2d 61, 63).

Finally, we conclude that defendant was not deprived of effective assistance of counsel (*see, People v Baldi*, 54 NY2d 137, 147) and that the court properly responded to questions from the jury during deliberations pursuant to CPL 310.30. (Appeal from Judgment of Erie County Court, McCarthy, J.—Murder, 2nd Degree.) Present—Green, J. P., Pine, Lawton, Callahan and Fallon, JJ.