■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LADON ROGERS, Appellant. (Appeal No. 1.) [666 NYS2d 66] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that a photo array shown to a prosecution witness was unduly suggestive and that County Court should therefore have suppressed an in-court identification of him by that witness. The array contained photos of six men with similar features, skin tone and hair styles. Although defendant is the only person in the array looking to his left, the viewer's attention is not drawn to defendant's photo in such a way as to indicate that the police were urging a particular selection (*see, People v Brown*, 169 AD2d 934, 935, *lv denied* 77 NY2d 958; *People v Emmons*, 123 AD2d 475, 476, *lv denied* 69 NY2d 827).

The court did not abuse its discretion in granting the People's motion to consolidate the two indictments, one of which related to a robbery at a K-Mart store in the City of Buffalo and the other of which related to an attempted robbery three weeks later at a Wal-Mart store in the Town of Amherst. The offenses in the indictments were joinable under CPL 200.20 (2) (c), and defendant did not show good cause why the indictments should be tried separately (*see*, CPL 200.20 [3]). Defendant failed to establish that there was substantially more proof against him on one set of charges and that it was likely that the jury would be unable to consider separately the proof as it related to each offense (*see*, CPL 200.20 [3] [a]), nor did defendant make a showing that he had "both important testimony to give concerning one [offense] and a genuine need to refrain from testifying on the other" (CPL 200.20 [3] [b]; *see, People v Lane*, 56 NY2d 1, 5; *People v Reed*, 212 AD2d 962, *lv denied* 86 NY2d 739). Because defendant did not offer an alibi defense and this case does not present a " 'close question of identity' ", the court did not err in denying defendant's request for an expanded identification charge (*People v Perez*, 77 NY2d 928, 929; *see, People v Knight*, 87 NY2d 873). Finally, we conclude that the sentence is neither unduly harsh nor severe. "The mere fact that defendant was ultimately sentenced to a term of incarceration greater than that offered as a part of the plea bargain does not render his sentence harsh or excessive" (*People v Bradley* [appeal No. 1], 184 AD2d 1041, *lv denied* 80 NY2d

927). (Appeal from Judgment of Erie County Court, Rogowski, J.—Robbery, 1st Degree.) Present—Green, J. P., Lawton, Callahan, Doerr and Balio, JJ.