■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRELL JENNINGS, Appellant. [709 NYS2d 305] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Supreme Court for resentencing under count one of the indictment in accordance with the following Memorandum: Defendant appeals from a judgment convicting him after a jury trial of assault in the first degree (Penal Law §§ 20.00, 120.10 [1]) and criminal possession of a weapon in the second degree (Penal Law § 265.03). The evidence is legally sufficient to establish defendant's guilt beyond a reasonable doubt, and the verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). Defendant contends in a *pro se* supplemental brief that the failure of Supreme Court to give a circumstantial evidence instruction employing the "moral certainty" standard denied him a fair trial. That contention, however, is not preserved for our review (*see, People v Jacobsen*, 255 AD2d 951, *lv denied* 93 NY2d 972; *People v Smith*, 217 AD2d 910), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]).

We reject the further contention of defendant in his *pro se* supplemental brief that he was denied effective assistance of counsel. "[T]he evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147; *see, People v Flores*, 84 NY2d 184, 187). The remaining contention raised in defendant's *pro se* supplemental brief is not preserved for our review (*see*, CPL 470.05 [2]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]).

Finally, we conclude that defendant must be resentenced on the count of assault in the first degree. When defendant committed the underlying crime in October 1996, assault in the first degree under subdivision (1) of Penal Law § 120.10 was a class C violent felony (*see*, Penal Law § 70.02 [former (1) (b)]). In November 1996, however, assault in the first degree under subdivision (1) of Penal Law § 120.10 was reclassified as a class B violent felony (*see*, L 1996, ch 646). It is unclear from the record whether defendant was properly sentenced for the commission of a class C violent felony rather than for a class B violent felony (*see generally, People v Smith*, 108 AD2d 686, 687). We therefore modify the judgment by vacating the

sentence imposed on the count of assault in the first degree and remit the matter to Supreme Court for resentencing under count one of the indictment. (Appeal from Judgment of Supreme Court, Erie County, Forma, J.—Assault, 1st Degree.) Present—Pine, J. P., Wisner, Hurlbutt and Scudder, JJ.