■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WESLEY C. MONTAGUE, Appellant. [710 NYS2d 219] —Judgment unanimously affirmed. Memorandum: Defendant contends that

County Court erred in denying his motion to suppress evidence seized from his residence pursuant to a search warrant on the ground that the warrant was not supported by probable cause. We disagree. In order to establish probable cause, a warrant application "must provide the Magistrate with information sufficient to support a reasonable belief that evidence of a crime may be found in a certain place" (*People v McCulloch*, 226 AD2d 848, 849, *lv denied* 88 NY2d 1070). Here, the warrant application contained the unsworn statement of defendant's landlord that he had entered defendant's mobile home and observed marihuana apparatus and marihuana plants. Because defendant's landlord is an identified citizen informant, the reliability of the statement is presumed (*see, People v Hetrick*, 80 NY2d 344, 349; *People v Cantre*, 95 AD2d 522, 526, *affd* 65 NY2d 790 *on opn below*), and the basis of knowledge of the landlord was established by his personal observations of the marihuana apparatus and marihuana plants in defendant's mobile home. That information provided probable cause to support the issuance of the warrant (*see generally, People v Hetrick, supra*, at 348-350; *People v Markiewicz*, 246 AD2d 914, 914-915, *lv denied* 91 NY2d 974). (Appeal from Judgment of Ontario County Court, Harvey, J.—Criminal Possession Marihuana, 2nd Degree.) Present—Pigott, Jr., P. J., Pine, Hurlbutt and Lawton, JJ.