■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KARIEMA LEVY, Appellant. [723 NYS2d 300] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant appeals from a judgment convicting her after a jury trial of murder in the second degree (Penal Law § 125.25 [1]), criminal possession of a weapon in the second degree (Penal Law former § 265.03), and criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]). County Court properly denied defendant's motion to suppress the identification testimony. The People met their initial burden of establishing that the conduct of the police was reasonable and that the photo array was not unduly suggestive, and defendant failed to meet her "ultimate burden of proving that the procedure was unduly suggestive" (*People v Chipp*, 75 NY2d 327, 335, *cert denied* 498 US 833; *see, People v Lee*, 207 AD2d 953, *lv denied* 85 NY2d 864). We further note that, although the hairstyles of the women depicted in the photo array are not identical, "[t]he viewer's attention is not drawn to defendant's photo in such a way as to indicate that the police were urging a particular selection" (*People v Rogers*, 245 AD2d 1041).

Defendant has failed to preserve for our review her contentions concerning prosecutorial misconduct during the prosecutor's opening and closing statements (*see,* CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). Although we agree with defendant that the prosecutor failed to advise the court as soon as practicable of the testimony of a witness who had come forward with information on the morning of trial, the prosecutor's delay did not cause " 'such substantial prejudice to the defendant that he has been denied due process of law' " (*People v Rubin,* 101 AD2d 71, 77, *lv denied* 63 NY2d 711).

We conclude that the verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). We further conclude that defendant received effective assistance of counsel (*see, People v Baldi,* 54 NY2d 137, 147). We will not second-guess whether defense counsel's trial strategy "was the best trial strategy, or even a good one, so long as defendant was afforded meaningful representation" (*People v Satterfield,* 66 NY2d 796, 799-800). We conclude, however, that the sentence imposed for criminal possession of a weapon in the third degree is illegal. We therefore modify the judgment by reducing the sentence imposed on that count to a term of imprisonment of $2^1/_3$ to 7 years. The sentence as modified is neither unduly harsh nor severe. (Appeal from Judgment of Onondaga County Court, Burke, J.—Murder, 2nd Degree.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.