■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL HICKEY, Appellant. [725 NYS2d 907] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of conspiracy in the second degree (Penal Law § 105.15). The conviction is supported by legally sufficient evidence (*see, People v Bleakley*, 69 NY2d 490, 495). The evidence, viewed in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620, 621),

establishes that defendant acted with the intent to commit the crimes of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first degree, both class A felonies. In addition, upon our review of the evidence, we conclude that the verdict is not against the weight of the evidence (*see, People v Bleakley, supra,* at 495).

Defendant contends that Supreme Court erred in denying his motion to suppress evidence obtained as a result of eavesdropping warrants. The applications for those warrants are not part of the record on appeal, and thus defendant failed to meet his burden of presenting a sufficient factual record to enable us to review that contention (*see, People v Larrabee,* 201 AD2d 924, *lv denied* 83 NY2d 855; *see also, People v Kinchen,* 60 NY2d 772, 772-773; *People v Butler,* 255 AD2d 119, *lv denied* 93 NY2d 851).

Defendant further contends that the court erred in denying his request for an audibility hearing. When defendant requested an audibility hearing before listening to the audiotapes, the court ordered the People to provide defendant with the audiotapes and denied defendant's request for an audibility hearing with leave to renew. Defendant did not thereafter renew his request for an audibility hearing, nor did he object to the introduction of the tapes at trial based on their alleged inaudibility. Thus, his present contention is not preserved for our review (*see,* CPL 470.05 [2]; *People v Alleyne,* 154 AD2d 473, *lv denied* 74 NY2d 946). We reject defendant's further contention that the court abused its discretion in allowing the jury to use the transcripts of the audiotapes as an aid while listening to them (*see, People v Martino,* 244 AD2d 875, *lv denied* 92 NY2d 1035, 93 NY2d 855; *People v Gkanios,* 199 AD2d 411, *lv denied* 83 NY2d 805).

The court properly allowed the police detective to testify concerning the meaning of coded language used by defendant and codefendants in their telephone conversations (*cf., People v Vizzini,* 183 AD2d 302). The detective was in charge of the investigation and had extensive experience in narcotics investigations, and thus he was a qualified expert to testify "concerning the meaning of narcotics code and jargon" (*People v Vizzini, supra,* at 305). The court properly denied defendant's request to charge the lesser included offenses of conspiracy in the fifth and sixth degrees; there is no reasonable view of the evidence that would support a finding that defendant committed the lesser offenses but not the greater (*see,* CPL 300.50 [1]; *People v Glover,* 57 NY2d 61, 63; *see also, People v Sieteski,* 241 AD2d 926, 928, *lv denied* 90 NY2d 943). Finally, contrary to

defendant's contention, the sentence is not illegal or unconstitutional. The court was free to sentence defendant to a greater term than that promised as part of the pretrial plea bargain offer (*see, People v Pena*, 50 NY2d 400, 411-412, *rearg denied* 51 NY2d 770, *cert denied* 449 US 1087). (Appeal from Judgment of Supreme Court, Onondaga County, Brunetti, J.—Conspiracy, 2nd Degree.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Lawton, JJ.