■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN MARTINEZ, Appellant. [749 NYS2d 118] —Appeal from a judgment of Cayuga County Court (Corning, J.), entered January 21, 1999, convicting defendant after a jury trial of, inter alia, kidnapping in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of kidnapping in the second degree (Penal Law § 135.20), assault in the second degree (§ 120.05 [6]), reckless endangerment in the first degree (§ 120.25), and criminal possession of a weapon in the fourth degree (§ 265.01 [2]), arising from his abduction of a woman whom he forced at knife-point into the trunk of his automobile. Contrary to defendant's contention, the photo array from which the victim identified defendant was not unduly suggestive and thus County Court properly denied defendant's motion to suppress that identification (*see People v Grimes,* 289 AD2d 1072, 1072, *lv denied* 97 NY2d 755). The six subjects in the photo array were of similar age and appearance (*see id.; People v Young,* 281 AD2d 905, 905-906, *lv denied* 96 NY2d 909; *People v Owens,* 275 AD2d 905, *lv denied* 95 NY2d 937). Furthermore, although the hairstyles of the men depicted in the array are not identical, " '[t]he viewer's attention is not drawn to defendant's photo

in such a way as to indicate that the police were urging a particular selection' " (*People v Levy*, 281 AD2d 984, 984, *lv denied* 96 NY2d 831, quoting *People v Rogers*, 245 AD2d 1041, 1041).

The court also properly denied the motion of defendant to suppress the physical evidence seized from the trunk of his automobile pursuant to a search warrant. Contrary to defendant's contention, the court properly determined that there was probable cause for issuance of the warrant. "In order to establish probable cause, a warrant application 'must provide the Magistrate with information sufficient to support a reasonable belief that evidence of a crime may be found in a certain place' " (*People v Montague*, 273 AD2d 840, 841, quoting *People v McCulloch*, 226 AD2d 848, 849, *lv denied* 88 NY2d 1070). Here, the warrant application was supported by the unsworn statement of the victim identifying defendant as the person who abducted her, together with the sworn statements of defendant's roommate and defendant's brother. A magistrate issuing a search warrant may reasonably rely on hearsay information supplied by an identified citizen particularly where, as here, the information consists of the firsthand knowledge of the victim (*see People v Lindsay*, 123 AD2d 719, 720, *lv denied* 69 NY2d 713; *see also People v Hetrick*, 80 NY2d 344, 349; *People v Cantre*, 95 AD2d 522, 526, *affd* 65 NY2d 790). In any event, we further conclude that the court properly determined in the alternative that defendant's brother had authority to consent to the search of the automobile because defendant had entrusted it to him and that the police had properly obtained the consent of defendant's brother to search the automobile (*see People v Adams*, 53 NY2d 1, 8-10, *rearg denied* 54 NY2d 832, *cert denied* 454 US 854; *People v Muscoreil*, 214 AD2d 953, 953, *lv denied* 86 NY2d 799, *cert denied* 516 US 1059).

Defendant failed to preserve for our review his contention that photographs of two men who had been ruled out as suspects by the police and a videotape taken from a local convenience store constitute *Brady* material (*see* CPL 470.05 [2]). In any event, the photographs and videotape do not constitute *Brady* material because they are not exculpatory (*see People v Holloman*, 291 AD2d 917, 918, *lv denied* 98 NY2d 638). Contrary to defendant's further contention, those items do not constitute *Rosario* material because neither is a statement made by a prosecution witness (*see People v Wilson*, 210 AD2d 520, 521, *lv denied* 85 NY2d 982; *see also* 240.45 [1] [a]; *People v Quinones*, 228 AD2d 796, 798).

We reject defendant's further contention that the court erred in restricting defense counsel's voir dire of prospective jurors

concerning the issue of eyewitness testimony. It is well established that it is not the province of counsel to question prospective jurors concerning their attitudes on matters of law (*see People v Boulware*, 29 NY2d 135, 141, *rearg denied* 29 NY2d 670, *cert denied* 405 US 995; *Simet v New Rochelle Hosp. Med. Ctr.*, 150 AD2d 554, 554-555). We conclude that the court properly exercised its discretion in imposing reasonable limitations on defense counsel's questioning of prospective jurors during voir dire concerning the legal issue of eyewitness testimony (*see Boulware*, 29 NY2d at 140-142; *People v Byrd*, 284 AD2d 201, *lv denied* 97 NY2d 679). We further conclude that the court did not err in charging the jury with respect to evidence of flight. "The limited probative force of flight evidence * * * is no reason for its exclusion" (*People v Yazum*, 13 NY2d 302, 304, *rearg denied* 15 NY2d 679), and here there was sufficient evidence of flight to warrant a charge on such evidence (*see People v Blasini*, 253 AD2d 886, 887, *lv denied* 92 NY2d 1028). In addition, the court properly charged the jury that evidence of flight is of slight value and that flight may have an innocent explanation (*see generally People v Elmore*, 236 AD2d 851, 852, *lv denied* 89 NY2d 1034; *People v Knight*, 174 AD2d 1008, *lv denied* 78 NY2d 1012).

The record does not support the further contention of defendant that a blood sample was taken from him by the use of physical force prior to receipt of the court order authorizing such action.

The testimony of a police officer that he obtained a "picture" of defendant does not constitute a violation of the court's *Sandoval* ruling. Even assuming, arguendo, that the jury inferred from that testimony that defendant had a criminal record, we conclude that any error in the admission of that testimony is harmless. The evidence of defendant's guilt is overwhelming, and there is no significant probability that he otherwise would have been acquitted (*see People v Kelly*, 201 AD2d 668, 669, *lv denied* 83 NY2d 1005; *see also People v Young*, 291 AD2d 578, *lv denied* 98 NY2d 657; *see generally People v Crimmins,* 36 NY2d 230, 241-242). Defendant failed to preserve for our review his contention that the testimony of the police officers improperly bolstered the complainant's identification testimony (*see People v West*, 56 NY2d 662). In any event, that contention is without merit because the officers did not testify concerning the complainant's identification of defendant (*see People v Santiago*, 265 AD2d 351, 352, *lv denied* 94 NY2d 884). Finally, we conclude that the sentence is not unduly harsh nor severe.

We have reviewed the contentions raised in defendant's pro

se supplemental brief and conclude that they have no merit. Present—Wisner, J.P., Hurlbutt, Scudder and Kehoe, JJ.