■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LONNIE J. PIERCE, Appellant. [758 NYS2d 444] —Appeal from a judgment of Jefferson County Court (Clary, J.), entered July 1, 1997, convicting defendant after a jury trial of, inter alia, burglary in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of burglary in the third degree (Penal Law § 140.20), grand larceny in the fourth degree (§ 155.30 [1]), and criminal possession of stolen property in the fourth degree (§ 165.45 [1]). Defendant contends that the conviction is not supported by legally sufficient evidence and that the verdict is against the weight of the evidence because there was no corroboration of the testimony of two accomplices who implicated defendant in the crimes (*see* CPL 60.22 [1]). We reject that contention. The necessary corroboration was supplied by a witness who testified that defendant admitted to him that he had committed the crimes and that defendant had attempted to sell to him some of the stolen goods—cigarettes, in particular—as well as by other witnesses who testified that they purchased cigarettes from defendant at half their usual price (*see People v Adams*, 278 AD2d 920, 922 [2000], *lv denied* 96 NY2d 825 [2001]; *see generally People v Breland*, 83 NY2d 286, 293 [1994]; *People v Moses*, 63 NY2d 299, 306 [1984]). Once the statutory minimum pursuant to CPL 60.22 (1) was met, it was for the jurors to decide whether the corroborating testimony satisfied them that the accomplices were telling the truth (*see People v Steinberg*, 79 NY2d 673, 683 [1992]). "[R]ecognizing that matters of credibility are for the jury to resolve" (*People v Rodrigues*, 154 AD2d 912, 912 [1989], *lv denied* 75 NY2d 775 [1989]), we conclude that the conviction is supported by legally sufficient evidence and the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

We reject the further contention of defendant that he was deprived of effective assistance of counsel. Defense counsel's conduct in eliciting testimony from a prosecution witness concerning defendant's prior uncharged bad acts can be explained as legitimate trial strategy consistent with the defense theories that the People had charged defendant with the wrong burglary and that the prosecution witness was biased against defendant. "It is not for this court to second-guess whether a course chosen by defendant's counsel was the best trial strategy, or even a good one, so long as defendant

was afforded meaningful representation" (*People v Satterfield*, 66 NY2d 796, 799-800 [1985]; *see People v Levy*, 281 AD2d 984, 985 [2001], *lv denied* 96 NY2d 831 [2001]). Viewing the evidence, the law, and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]). Finally, defendant's contention concerning alleged prosecutorial misconduct is not preserved for our review (*see* CPL 470.05 [2]; *see also People v Madore*, 289 AD2d 986 [2001], *lv denied* 97 NY2d 757 [2002]; *People v Valez*, 256 AD2d 135 [1998], *lv denied* 93 NY2d 879 [1999]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]). Present—Green, J.P., Hurlbutt, Burns, Gorski and Hayes, JJ.