THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL KAIRIS, Appellant. [771 NYS2d 774]—

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered November 8, 2001. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, criminal possession of a weapon in the second degree, grand larceny in the third degree, criminal possession of stolen property in the third degree, criminal possession of stolen property in the fifth degree, and petit larceny.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment rendered upon a jury verdict convicting him of murder in the second degree (Penal Law § 125.25 [1]) and other crimes arising from the murder of an alleged associate in a scheme involving the illegal switching of motor vehicle identification numbers. Defendant's contention that County Court's circumstantial evidence charge was inadequate is not preserved for our review (*see* CPL 470.05 [2]). Although defendant made a general request for a circumstantial evidence charge, he did not request that any particular language be charged and failed to object to the charge as given (*see People v De Normand*, 1 AD3d 1047

[2003]; *People v Jennings*, 273 AD2d 828 [2000], *lv denied* 95 NY2d 890 [2000]). Nor did defendant preserve for our review his additional contentions regarding the alleged failure of the People to preserve evidence of motive and the admissibility of the testimony of the People's handwriting expert (*see* CPL 470.05 [2]). We decline to exercise our power to review any of those contentions as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]).

Contrary to the further contention of defendant, he was not compelled to wear jail garb at trial (*cf. People v Roman*, 35 NY2d 978 [1975]). The record establishes that, prior to jury selection, the court directed that defendant be provided with a shirt to cover the jail uniform top that he was wearing. After being provided with the shirt, defendant agreed that there was no longer any indication from his clothing that he was a jail inmate and thus he waived any contention that the corrective action taken by the court was inadequate (*see generally People v Whalen*, 59 NY2d 273, 280 [1983]; *People v McCovery*, 254 AD2d 751 [1998], *lv denied* 92 NY2d 864 [1998]).

We conclude that the court properly denied defendant's motion seeking suppression of identification testimony. Contrary to defendant's contention, the People met their initial burden at the hearing through the testimony of the police officers who actually conducted the five identification procedures and by introducing in evidence the photographic array that was used in connection with each identification procedure (*see generally People v Marquez*, 302 AD2d 477, 478 [2003]; *People v Levy*, 281 AD2d 984 [2001], *lv denied* 96 NY2d 831 [2001]; *People v Parker*, 257 AD2d 693, 694 [1999], *lv denied* 93 NY2d 1024 [1999]). We agree with the court that there was nothing about the array or the procedure that was used that singled defendant out for identification (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]; *Levy*, 281 AD2d at 984; *People v Rogers*, 245 AD2d 1041 [1997]).

Defendant also contends that the court erred in receiving a magazine in evidence over his objection that it had been illegally seized from his jail cell without a search warrant. Assuming, arguendo, that the search was illegal, we conclude that receipt of that exhibit in evidence is harmless beyond a reasonable doubt, in light of, inter alia, the overwhelming circumstantial evidence of defendant's guilt (*see People v Almestica*, 42 NY2d 222, 226 [1977]; *People v Lewis*, 196 AD2d 833 [1993], *lv denied* 82 NY2d 851 [1993]). We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Wisner, J.P., Hurlbutt, Scudder, Kehoe and Hayes, JJ.