■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE CONTRERAS, Appellant. [816 NYS2d 9]—

Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered December 20, 1999, as amended August 26, 2005, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree and conspiracy in the second degree, and sentencing him to concurrent terms of 15 years and 8⅓ to 25 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see *People v Bleakley*, 69 NY2d 490 [1987]). There was ample evidence, in the form of very extensive monitored telecommunications during which defendant's voice was identified, establishing his participation in large-scale narcotics trafficking. Although the participants always disguised the subject matter of their communications, there was no reasonable possibility of an innocent explanation, particularly when the conversations are viewed in light of the recovery of a large quantity of drugs and other incriminating evidence from the business premises where defendant served as the manager. We reject defendant's contentions regarding the reliability of the People's Spanish translator and their expert witness.

The court properly qualified one of the detectives in charge of the investigation as an expert in the meaning of coded com-

munications used by narcotics traffickers and allowed him to testify as to the meaning of the coded communications used during the subject investigation (*see People v Hickey*, 284 AD2d 929, 930 [2001], *lv denied* 97 NY2d 656 [2001]; *People v Rodriguez*, 205 AD2d 328 [1994]). The detective had extensive experience in narcotics investigations including those involving wiretapping (*compare People v Vizzini*, 183 AD2d 302 [1992]), and his testimony was consistent and well reasoned and did not encroach on the fact-finding function of the jury. In interpreting the coded communications used in this case, the expert properly placed them in light of other facts already in evidence, including facts personally known and testified to by him (*see People v Jones*, 73 NY2d 427, 430 [1989]).

The court properly precluded defendant from introducing the plea allocution of a codefendant as a declaration against penal interest. There were no supporting circumstances attesting to the reliability of the allocution (*see People v Shortridge*, 65 NY2d 309, 313 [1985]). On the contrary, the circumstances demonstrated the utter unreliability of those aspects of the plea allocution that purportedly exculpated defendant.

Defendant's constitutional claims regarding the admission of the expert testimony and the exclusion of the declaration against penal interest are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them.

We find no basis to reduce the sentence. Concur—Mazzarelli, J.P., Friedman, Marlow, Sullivan and Catterson, JJ.