# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1331**
**KA 09-01810**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, GREEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

LEROY TUFF, JR., DEFENDANT-APPELLANT.

---

FRANK J. NEBUSH, JR., PUBLIC DEFENDER, UTICA (MARK C. CURLEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

LEROY TUFF, JR., DEFENDANT-APPELLANT PRO SE.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered August 7, 2009. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the first degree, criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts), criminally using drug paraphernalia in the second degree (two counts), unlawful possession of marihuana and intimidating a victim or witness in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, following a jury trial, of various drug-related crimes as well as the crime of intimidating a victim or witness in the third degree (Penal Law § 215.15 [1]), defendant contends, inter alia, that the People failed to provide full disclosure of the confidential informant's motivation for becoming a confidential informant and testifying at trial. That contention is not preserved for our review because defendant did not object to any of the informant's direct testimony regarding his motivation for becoming a confidential informant (*see* CPL 470.05 [2]). In any event, the record establishes that defense counsel both cross-examined and re-cross-examined the informant with respect to that contention at trial. Contrary to defendant's further contentions, County Court did not err in consolidating the indictments for trial (*see People v Rogers*, 245 AD2d 1041), nor did the court violate defendant's right to be present at sidebar conferences inasmuch as his absence at the sidebar conferences did not affect his ability to defend himself (*see People v Antommarchi*, 80 NY2d 247, 250, *rearg denied* 81 NY2d 759; *People v Velasco*, 77 NY2d 469, 472). We reject

defendant's contention that the sentence is illegal (*see generally* Penal Law § 70.25 [2]).  Finally, defendant failed to preserve for our review his contention that the court erred in preventing him from calling a witness who had been granted use immunity, and he likewise failed to preserve his remaining contentions for our review (*see* CPL 470.05 [2]).  We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Entered:  December 30, 2011                    Frances E. Cafarell
                                               Clerk of the Court