People v Liggins (2021 NY Slip Op 03767)





People v Liggins


2021 NY Slip Op 03767


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, WINSLOW, AND BANNISTER, JJ.


926 KA 18-00530

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ADRIAN LIGGINS, ALSO KNOWN AS "AGE," DEFENDANT-APPELLANT. 






PETER J. DIGIORGIO, JR., UTICA, FOR DEFENDANT-APPELLANT.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oneida County Court (Matthew J. Doran, A.J.), rendered September 12, 2017. The judgment convicted defendant upon a jury verdict of, inter alia, robbery in the first degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In this prosecution arising from a shooting that took place in connection with an attempt to collect on a drug debt, defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of robbery in the first degree (Penal Law
§ 160.15 [2], [3]). We affirm.
Defendant contends that, for multiple reasons, County Court erred in permitting the People to introduce a wiretap recording of a phone call that he made to an unknown female interlocutor. During that call, defendant said that he had seen one of the People's witnesses on her way to "meet the DA" and that he "could have kidnapped her right there, . . . but there were too many cops" in the area, although he would "definitely . . . have that opportunity [again]." We are unable to review defendant's contention that the court erred in refusing to suppress the recording due to deficiencies in the eavesdropping warrant because the application for the warrant is not part of the record on appeal, and defendant therefore failed to meet his burden of presenting a sufficient factual record (see People v Hickey, 284 AD2d 929, 930 [4th Dept 2001], lv denied 97 NY2d 656 [2001]). We reject defendant's further contentions that the court erred in admitting the recording because it did not establish his consciousness of guilt and because, in any event, it was more prejudicial than probative. Although "evidence of consciousness of guilt . . . has limited probative value . . . , its probative weight is highly dependent upon the facts of each particular case" (People v Cintron, 95 NY2d 329, 332-333 [2000]). Here, defendant's statements on the recording were probative of his consciousness of guilt inasmuch as they suggested that he intended to stop a witness from testifying against him and, moreover, the court alleviated any undue prejudice by giving an adequate limiting instruction, which the jury is presumed to have followed (see People v Wallace, 59 AD3d 1069, 1070 [4th Dept 2009], lv denied 12 NY3d 861 [2009]).
Defendant "made only a general motion for a trial order of dismissal, and thus failed to preserve for our review his challenge to the legal sufficiency of the evidence" (People v Alejandro, 60 AD3d 1381, 1382 [4th Dept 2009], lv denied 12 NY3d 850 [2009]; see People v Gray, 86 NY2d 10, 19 [1995]). In any event, defendant's contention lacks merit (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). We reject defendant's contention that the verdict is against the weight of the evidence. Even assuming, arguendo, that a different verdict would not have been unreasonable, we conclude that, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 348-349 [2007]), it cannot be said that the jury failed to give the evidence the weight it should be accorded (see generally Bleakley, 69 NY2d at 495).
Defendant expressly consented to the annotations on the verdict sheet and thus waived his present contention that the verdict sheet was improperly annotated (see CPL 310.20 [2]; People v Brown, 90 NY2d 872, 874 [1997]; People v Cipollina, 94 AD3d 1549, 1550 [4th Dept 2012], lv denied 19 NY3d 971 [2012]). Additionally, defendant's contention that the People improperly failed to seek an advance ruling concerning the admissibility of evidence of defendant's involvement in a drug transaction is not preserved for our review (see People v Strauss, 147 AD3d 1426, 1426 [4th Dept 2017], lv denied 29 NY3d 1087 [2017], reconsideration denied 30 NY3d 953 [2017]). In any event, "the court has discretion to admit evidence despite the failure of the People to provide advance notice of their intent to present such evidence . . . , particularly where," as here, "the defendant was aware of the evidence" (People v MacLean, 48 AD3d 1215, 1215 [4th Dept 2008], lv denied 10 NY3d 866 [2008], reconsideration denied 11 NY3d 790 [2008]). Finally, the sentence is not unduly harsh or severe.
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court