██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOMMIE EVANS, Appellant. [693 NYS2d 777] —Judgment unanimously affirmed. Memorandum: County Court properly denied without a hearing defendant's motion to set aside the verdict based on allegedly new evidence and ineffective assistance of counsel. There was no new evidence, and defendant was not denied effective assistance of counsel (*see,* CPL 330.30 [1], [3]; 330.40 [2] [f]; *People v Baldi,* 54 NY2d 137, 147). Defense counsel strenuously objected to the admission of a prior conviction into evidence, pursued the reasonable defense strategy that defendant was incorrectly identified as an accomplice, vigorously cross-examined police officers regarding their identification of defendant and gave a persuasive summation raising a question of reasonable doubt.

We further reject defendant's contention that the court erred in admitting evidence of a previous conviction of attempted criminal sale of a controlled substance. That evidence was admissible because defendant, charged as an accessory with criminal sale and criminal possession of a controlled substance, did not actually possess the drugs or the money; therefore, the element of intent was not easily inferred from his actions (*see generally, People v Alvino,* 71 NY2d 233, 241-242). The court properly determined that the probative value of the evidence outweighed any prejudice to defendant (*see, People v Alvino, supra,* at 242).

The contention of defendant that he was denied the right to a fair trial based on prosecutorial misconduct is not preserved for our review (*see,* CPL 470.05 [2]), and we decline to review it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Erie County Court, Rogowski, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Pine, J. P., Hayes, Pigott, Jr., Scudder and Balio, JJ.