■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAHAD Q. FITZGERALD, Appellant. [924 NYS2d 289]—

Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered January 20, 2010, convicting him of robbery in the first degree (four counts), burglary in the first degree (two counts), and grand larceny in the fourth degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, he was not deprived of a fair trial when the County Court permitted the prosecutor to introduce evidence of his flight from the police shortly after the crimes were committed. After a chase, the defendant was apprehended by the police and the complainant's wallet was found to be in his possession. The evidence was relevant to his identity as the perpetrator and his consciousness of guilt, its probative value outweighed the potential prejudice to the defendant, and the court gave an appropriate limiting instruction (*see People v Leeson*, 12 NY3d 823, 826-827 [2009]; *People v Yazum*, 13 NY2d 302, 303-305 [1963]; *People v Molineux*, 168 NY 264, 313-318 [1901]; *People v Powell*, 107 AD2d 718, 719 [1985]).

Contrary to the defendant's contention, the County Court providently exercised its discretion in denying his request for a missing-witness charge based on its finding that the witness was not available to the People to testify at trial (*see People v Gonzalez*, 68 NY2d 424, 428-429 [1986]; *People v Cintron*, 72 AD3d 699 [2010]).

The defendant's contention regarding the County Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Grant*, 7 NY3d 421, 424 [2006]) and, in any event, is without merit.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Covello, J.P., Chambers, Lott and Miller, JJ., concur.