# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

740

KA 12-01617

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

DONTA ALBERT, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ROMANA A. LAVALAS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Donald E. Todd, A.J.), rendered May 8, 2012. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Two police officers testified at trial that they were on routine patrol in Syracuse when they observed defendant, whom they knew well from prior dealings, engage in what appeared to be a hand-to-hand drug transaction with another person. Following the transaction, defendant walked away from the scene, and the officers stopped the other person, who readily admitted that he had just purchased crack cocaine. The buyer said that the man who sold him cocaine gave him a telephone number to call if he needed more drugs. The officers wrote down that number and looked for defendant, who could not immediately be found. When one of the officers arrested defendant five days later, the officer dialed the number given to him by the drug purchaser, and a cell phone in defendant's possession began to ring. The officer ended the call and dialed the number a second time, and the phone rang again. At trial, both officers identified defendant at trial as the person they saw engage in the hand-to-hand transaction. Based on our independent review of the record, we conclude that, even assuming, arguendo, that a different verdict would not have been unreasonable, it cannot be

said that the jurors failed to give the evidence the weight it should be accorded (*see People v Ohse*, 114 AD3d 1285, 1286-1287, *lv denied* 23 NY3d 1041; *see generally Bleakley*, 69 NY2d at 495).

Defendant failed to preserve for our review his contention that County Court erred in allowing the police witnesses to testify that defendant's neighborhood, where the drug transaction took place, had high levels of criminal activity, and that the police regularly patrolled the area upon the request of the management of a nearby apartment complex (*see* CPL 470.05 [2]; *People v Permant*, 268 AD2d 230, 230, *lv denied* 94 NY2d 905).  In any event, the court properly allowed that testimony because it tended to explain the presence and conduct of the police (*see People v Leak*, 66 AD3d 403, 404, *lv denied* 14 NY3d 802; *People v Grzebyk*, 253 AD2d 469, 469, *lv denied* 92 NY2d 925). Finally, we conclude that the sentence is not unduly harsh or severe.

Entered:  June 19, 2015                    Frances E. Cafarell
                                           Clerk of the Court