People v Turner (2021 NY Slip Op 04872)





People v Turner


2021 NY Slip Op 04872


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CURRAN, AND DEJOSEPH, JJ.


614 KA 18-02439

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SANTE D. TURNER, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN PORTER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered June 9, 2016. The judgment convicted defendant, upon a jury verdict, of rape in the first degree and criminal trespass in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of rape in the first degree (Penal Law § 130.35 [2]) and criminal trespass in the second degree (§ 140.15 [1]). By making only a general motion to dismiss the charge of rape in the first degree after the People rested their case (see People v Gray, 86 NY2d 10, 19 [1995]) and by failing to renew his motion with respect to both charges at the close of his case (see People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]), defendant failed to preserve for our review his contention that his conviction is not supported by legally sufficient evidence (see People v Morris, 126 AD3d 1370, 1371 [4th Dept 2015], lv denied 26 NY3d 932 [2015]). Nonetheless, " 'we necessarily review the evidence adduced as to each of the elements of the crimes in the context of our review of defendant's challenge regarding the weight of the evidence' " (People v Stepney, 93 AD3d 1297, 1298 [4th Dept 2012], lv denied 19 NY3d 968 [2012]; see People v Danielson, 9 NY3d 342, 349 [2007]). Here, viewing the evidence in light of the elements of the crimes as charged to the jury (see Danielson, 9 NY3d at 349), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Even assuming, arguendo, that a different verdict would not have been unreasonable, it cannot be said that the jurors "failed to give the evidence the weight it should be accorded" (People v Albert, 129 AD3d 1652, 1653 [4th Dept 2015], lv denied 27 NY3d 990 [2016]; see generally Bleakley, 69 NY2d at 495).
Contrary to defendant's further contention, County Court properly refused to submit to the jury the charge of rape in the third degree (Penal Law § 130.25 [3]) as a lesser included offense of rape in the first degree (§ 130.35 [2]) because there was no "reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater offense" (CPL 300.50 [6]; see People v Stephanski, 286 AD2d 859, 860 [4th Dept 2001]).
We reject defendant's contention that the court abused its discretion in allowing the People to introduce a video recording of defendant's interview by the police. Contrary to defendant's contention, although some of defendant's statements at the end of the recording "were not entirely clear, they were not 'so inaudible and indistinct that the jury would have to speculate concerning [their] contents and would not learn anything relevant from them' " (People v Warmley, 179 AD3d 1537, 1538 [4th Dept 2020], lv denied 35 NY3d 945 [2020]; see People v Cooke, 119 AD3d 1399, 1400 [4th Dept 2014], affd 24 NY3d 1196 [2015], cert denied 577 US 1011 [2015]; People v Jackson, 94 AD3d 1559, 1561 [4th Dept 2012], lv denied 19 NY3d 1026 [*2][2012]).
Defendant also contends that the court erred in admitting in evidence testimony about his flight from the police on the day of his arrest. Contrary to defendant's contention, the evidence of his flight was relevant inasmuch as it was indicative of his consciousness of guilt (see People v Yazum, 13 NY2d 302, 304 [1963], rearg denied 15 NY2d 679 [1964]; People v Fitzgerald, 84 AD3d 1397, 1397 [2d Dept 2011], lv denied 17 NY3d 816 [2011]; People v McDuffie, 26 AD3d 667, 669 [3d Dept 2006], lv denied 7 NY3d 759 [2006]). Defendant failed to preserve for our review his contention that the prejudicial effect of that evidence outweighed its probative value inasmuch as he did not object to the testimony on that ground (see People v Cullen, 110 AD3d 1474, 1475 [4th Dept 2013], affd 24 NY3d 1014 [2014]; People v Curtis, 222 AD2d 237, 237-238 [1st Dept 1995], affd 89 NY2d 1003 [1997]). In any event, that contention lacks merit (see Yazum, 13 NY2d at 304; People v Martinez, 298 AD2d 897, 899 [4th Dept 2002], lv denied 98 NY2d 769 [2002], cert denied 538 US 963 [2003], reh denied 539 US 911 [2003]).
We reject defendant's further contention that the court's Sandoval ruling constituted an abuse of discretion (see People v Sandoval, 34 NY2d 371, 374 [1974]). Here, the court ruled that the People would be permitted to cross-examine defendant for impeachment purposes on his 2007 conviction of criminal possession of a controlled substance in the third degree. Contrary to defendant's assertion, that conviction was probative of his credibility inasmuch as such acts showed the "willingness . . . [of defendant] to place the advancement of his individual self-interest ahead of principle or of the interests of society" (id. at 377; see People v Taylor, 140 AD3d 1738, 1739 [4th Dept 2016]; People v Carter, 34 AD3d 1342, 1342 [4th Dept 2006], lv denied 8 NY3d 844 [2007]). Defendant's related assertion that the 2007 conviction was too remote in time to be probative is without merit (see People v Scott, 189 AD3d 2062, 2063 [4th Dept 2020], lv denied 36 NY3d 1100 [2021]). Contrary to defendant's further assertion, "the court's Sandoval compromise[ on the remaining offenses], in which it limited questioning on defendant's prior convictions for [those] offenses to whether [he] had been convicted of a felony or misdemeanor . . . , 'reflects a proper exercise of the court's discretion' " (People v Stevens, 109 AD3d 1204, 1205 [4th Dept 2013], lv denied 23 NY3d 1043 [2014]; see People v Standsblack, 162 AD3d 1523, 1525 [4th Dept 2018], lv denied 32 NY3d 1008 [2018]; People v Butler, 140 AD3d 1610, 1613 [4th Dept 2016], lv denied 28 NY3d 969 [2016]).
We also reject defendant's contention that the court failed to make a sufficient inquiry into the complaints about defense counsel underlying his request for substitution of counsel. Defendant failed to make "specific factual allegations of 'serious complaints about counsel' " that would have required the court to conduct a minimal inquiry (People v Porto, 16 NY3d 93, 100 [2010]). Rather, defendant " 'made only vague assertions that defense counsel was not in frequent contact with him and did not aid in his defense' " (People v Jones, 149 AD3d 1576, 1577 [4th Dept 2017], lv denied 29 NY3d 1129 [2017]; see People v MacLean, 48 AD3d 1215, 1217 [4th Dept 2008], lv denied 10 NY3d 866 [2008], reconsideration denied 11 NY3d 790 [2008]). In any event, inasmuch as defendant did not subsequently express dissatisfaction with defense counsel and, instead, expressly stated in response to questioning by the court that he had decided to remain represented by defense counsel, we conclude that defendant abandoned his request for substitution of counsel (see People v Avent, 178 AD3d 1403, 1404-1405 [4th Dept 2019], lv denied 35 NY3d 940 [2020]; People v Bennett, 94 AD3d 1570, 1571 [4th Dept 2012], lv denied 19 NY3d 994 [2012], reconsideration denied 19 NY3d 1101 [2012]; People v Ocasio, 81 AD3d 1469, 1470 [4th Dept 2011], lv denied 16 NY3d 898 [2011], cert denied 565 US 910 [2011]).
Contrary to defendant's contention, we conclude that any error by the court in allowing, after the jury had commenced deliberations, the redaction from the victim's medical records of a statement she made is harmless. The evidence of defendant's guilt is overwhelming and, particularly considering that the medical records were never published to the jury or provided to the jury during deliberations, there is no "significant probability" that the jury would have acquitted defendant but for the error (People v Crimmins, 36 NY2d 230, 242 [1975]; see People v Washington, 89 AD3d 1140, 1141-1142 [3d Dept 2011], lv denied 18 NY3d 963 [2012]; see generally Harris v Campbell, 155 AD3d 1622, 1623 [4th Dept 2017]).
Finally, we conclude that the sentence is not unduly harsh or severe, and we decline defendant's request to exercise our power to reduce the sentence as a matter of discretion in the [*3]interest of
justice (see CPL 470.15 [6] [b]).
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court