People v Hall (2022 NY Slip Op 00786)





People v Hall


2022 NY Slip Op 00786


Decided on February 4, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, AND WINSLOW, JJ.


1103 KA 18-01623

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DANIEL HALL, DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (REBECCA L. KONST OF COUNSEL), FOR DEFENDANT-APPELLANT. 
TODD J. CASELLA, DISTRICT ATTORNEY, PENN YAN (R. MICHAEL TANTILLO OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Yates County Court (Jason L. Cook, J.), rendered June 19, 2018. The judgment convicted defendant upon a jury verdict of criminal possession of marihuana in the second degree and conspiracy in the fifth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of marihuana in the second degree (Penal Law former § 221.25) and conspiracy in the fifth degree (§ 105.05 [1]). Defendant's conviction stems from his possession of approximately 25 ounces of marihuana that was recovered after the police stopped a truck in which defendant was a passenger and found marihuana plants in the bed of the truck. Defendant contends that we should modify the judgment pursuant to the newly enacted Marihuana Regulation and Taxation Act (Act). We reject that contention. Effective March 31, 2021, the Act legalized for persons 21 and older, inter alia, the possession of cannabis up to and including three ounces (§ 222.05 [1] [a]); it repealed Penal Law article 221 and enacted Penal Law article 222. As noted, defendant was convicted of criminal possession of marihuana in the second degree, a class D felony, under Penal Law former § 221.25, which provided that a person was guilty of that offense "when he [or she] knowingly and unlawfully possesses one or more preparations, compounds, mixtures or substances containing marihuana and the preparations, compounds, mixtures or substances are of an aggregate weight of more than [16] ounces." Under the current law, defendant would have been guilty of criminal possession of cannabis in the third degree, a class A misdemeanor (see § 222.30). "A person is guilty of criminal possession of cannabis in the third degree when he or she knowingly and unlawfully possesses: cannabis . . . [that] weighs more than [16] ounces"
(§ 222.30 [1]).
The Act also added CPL 440.46-a. Pursuant to subdivision (2) (a) (ii), when a person such as defendant has completed serving a sentence for a conviction under Penal Law former article 221, and "such person would have been guilty of a lesser or potentially less onerous offense under . . . article [222] than such former article [221] of the penal law; then such person may petition the court of conviction pursuant to this article for vacatur of such conviction." Upon such motion, "the court, after affording the parties an opportunity to be heard and present evidence, may substitute, unless it is not in the interests of justice to do so, a conviction for an appropriate lesser offense under article [222] of the penal law" (CPL 440.46-a [2] [b] [ii]). Thus, defendant's contention is not properly before us inasmuch as defendant must first "petition the court of conviction" for any relief (CPL 440.46-a [2] [a]), which is not automatic. This Court may review the court's decision on any CPL 440.46-a motion on an appeal therefrom (see generally People v Soodoo, 73 Misc 3d 16, 20 [App Term, 2d Dept, 9th & 10th Jud Dists 2021]).
Next, we reject defendant's contention that the marihuana should have been suppressed [*2]on the ground of an unlawful stop and search. With respect to the stop of the truck, it is well settled that, "where a police officer has probable cause to believe that the driver of an automobile has committed a traffic violation, a stop does not violate [the state or federal constitutions, and] . . . neither the primary motivation of the officer nor a determination of what a reasonable traffic officer would have done under the circumstances is relevant" (People v Robinson, 97 NY2d 341, 349 [2001]; see Whren v United States, 517 US 806, 812-813 [1996]; People v Hinshaw, 35 NY3d 427, 430-431 [2020]; People v Brunson, 145 AD3d 1476, 1477 [4th Dept 2016], lv denied 29 NY3d 947 [2017]). The evidence at the suppression hearing established that the officer followed the truck because of suspicious activities observed by surveillance aircraft, and he stopped the truck after observing brake light failure and the driver's failure to use a turn signal. The stop was lawful inasmuch as, among other things, the officer had probable cause to believe that the driver committed traffic violations (see People v Nikiteas, 167 AD3d 1556, 1558 [4th Dept 2018], lv denied 33 NY3d 952 [2019]; People v Booth, 158 AD3d 1253, 1254 [4th Dept 2018], lv denied 31 NY3d 1078 [2018]). Once the truck was stopped, officers observed the marihuana in plain view in the truck bed, giving them probable cause to search the vehicle (see People v Simpson, 176 AD3d 1113, 1113 [2d Dept 2019], lv denied 34 NY3d 1162 [2020]; People v Mills, 93 AD3d 1198, 1199 [4th Dept 2012], lv denied 19 NY3d 964 [2012]).
We reject defendant's contention that County Court erred in allowing evidence of his flight from the police after the police stopped the truck. The evidence of defendant's flight "was relevant inasmuch as it was indicative of his consciousness of guilt" (People v Turner, 197 AD3d 997, 998 [4th Dept 2021], lv denied 37 NY3d 1061 [2021]; see People v Yazum, 13 NY2d 302, 304 [1963], rearg denied 15 NY2d 679 [1964]), and the probative value of that evidence outweighed the potential prejudice to defendant (see People v Fitzgerald, 84 AD3d 1397, 1397 [2d Dept 2011], lv denied 17 NY3d 816 [2011]; see also Turner, 197 AD3d at 998-999; see generally People v Frumusa, 29 NY3d 364, 372 [2017], rearg denied 29 NY3d 1110 [2017]). Defendant waived his challenge to the consciousness of guilt instruction, inasmuch as defense counsel consented to that charge (see People v Gant, 189 AD3d 2160, 2161 [4th Dept 2020], lv denied 36 NY3d 1097 [2021]). In any event, the court gave an appropriate limiting instruction "that evidence of flight is of slight value and that flight may have an innocent explanation" (People v Martinez, 298 AD2d 897, 899 [4th Dept 2002], lv denied 98 NY2d 769 [2002], cert denied 538 US 963 [2003], reh denied 539 US 911 [2003]; see Fitzgerald, 84 AD3d at 1397).
Defendant contends that the evidence is legally insufficient because the accomplice testimony was not sufficiently corroborated. We reject that contention. Accomplice testimony must be corroborated by evidence "tending to connect the defendant with the commission of [the] offense" (CPL 60.22 [1]). Here, witness testimony and surveillance video " 'tend[ed] to connect . . . defendant with the commission of the crime[s] in such a way as may reasonably [have] satisf[ied] the jury that the accomplice[s] [were] telling the
truth' " (People v Reome, 15 NY3d 188, 192 [2010]; see People v Baska, 191 AD3d 1432, 1433 [4th Dept 2021]; People v Lipford, 129 AD3d 1528, 1529 [4th Dept 2015], lv denied 26 NY3d 1041 [2015]). Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Entered: February 4, 2022
Ann Dillon Flynn
Clerk of the Court