People v Bennett (2022 NY Slip Op 06357)

People v Bennett

2022 NY Slip Op 06357

Decided on November 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, NEMOYER, AND CURRAN, JJ.

754 KA 16-01581

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHANE M. BENNETT, DEFENDANT-APPELLANT. 

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Ontario County (Craig J. Doran, J.), rendered July 25, 2016. The appeal was held by this Court by order entered February 7, 2020, decision was reserved and the matter was remitted to Supreme Court, Ontario County, for further proceedings (180 AD3d 1357 [4th Dept 2020]). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentences imposed on the 10 counts of criminal possession of a weapon in the third degree and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Ontario County, for resentencing on counts 7 through 16 of the indictment.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of 6 counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [2], [3]), 10 counts of criminal possession of a weapon in the third degree (§ 265.02 [8]), and 1 count of criminal possession of marihuana in the fourth degree (former § 221.15). We previously held this case, reserved decision, and remitted the matter to Supreme Court for a ruling on defendant's motion for a trial order of dismissal, on which the court had reserved decision but failed to rule (People v Bennett, 180 AD3d 1357, 1358 [4th Dept 2020]). Upon remittal, the court denied the motion.
Defendant's contention that the evidence is legally insufficient to support the conviction of criminal possession of a weapon in the second and third degrees is preserved only with respect to the issue of possession (see generally People v Gray, 86 NY2d 10, 19 [1995]; People v Jackson, 159 AD3d 1372, 1373 [4th Dept 2018], lv denied 31 NY3d 1083 [2018]), and we reject the contention to that extent (see generally People v Danielson, 9 NY3d 342, 349 [2007]). Further, viewing the evidence in light of the elements of the crimes as charged to the jury (see id.), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Although a different verdict would not have been unreasonable, we cannot conclude that the jury "failed to give the evidence the weight it should be accorded" (id.). To the extent there is conflicting testimony concerning defendant's ability to access the weapons in question, we conclude that it merely "presented an issue of credibility for the jury to resolve" (People v Boyd, 153 AD3d 1608, 1610 [4th Dept 2017], lv denied 30 NY3d 1103 [2018] [internal quotation marks omitted]).
Defendant contends that defense counsel was ineffective for failing to renew his request for a redacted copy of the confidential informant affidavit used in support of a search warrant application. We reject that contention. Any renewed request had little or no chance of success, inasmuch as defendant made no showing at the time of his initial request that he was entitled to that information (see generally People v Caban, 5 NY3d 143, 152 [2005]; People v Castillo, 80 NY2d 578, 583 [1992], cert denied 507 US 1033 [1993]; People v Wade, 38 AD3d 1315, 1315-1316 [4th Dept 2007], lv denied 8 NY3d 992 [2007]). Defendant also contends that defense [*2]counsel was ineffective for failing to assert specific arguments in support of his renewed motion for a trial order of dismissal. We reject that contention because the record establishes that defense counsel did, in fact, make specific arguments in support of the renewed motion. Even assuming, arguendo, that defense counsel had failed to do so, we note that there is no requirement that defense counsel reiterate the specific arguments raised on the original motion for a trial order of dismissal upon renewal of that motion in order to preserve those arguments for our review (see generally People v Meacham, 151 AD3d 1666, 1668 [4th Dept 2017], lv denied 30 NY3d 981 [2017]). Defendant's contention that he was deprived of effective assistance of counsel based on defense counsel's failure to call a certain witness to testify at trial involves matters outside the record and therefore must be raised pursuant to a CPL 440.10 motion (see People v Kaminski, 109 AD3d 1186, 1186 [4th Dept 2013], lv denied 22 NY3d 1088 [2014]; see also People v Griffin, 204 AD3d 1385, 1386 [4th Dept 2022]). To the extent that defendant's contention is reviewable on direct appeal, we conclude that it lacks merit. The alleged testimony of the proposed witness—i.e., that he told defendant that he could possess the firearms—is irrelevant because defendant's belief regarding the legality of his actions is not an element of or a defense to the weapons possession offenses (see generally Penal Law §§ 265.02 [8]; 265.03 [2], [3]).
Defendant further contends that we should modify the judgment pursuant to the newly enacted Marihuana Regulation and Taxation Act (Penal Law art 222) by applying it retroactively and vacating his conviction of criminal possession of marihuana in the fourth degree. We reject that contention and conclude that defendant's contention is not properly before us (see People v Hall, 202 AD3d 1485, 1485-1486 [4th Dept 2022], lv denied 38 NY3d 1134 [2022]). The proper mechanism for vacating his marihuana conviction is through the process detailed in CPL 440.46-a, which requires defendant to first "petition the court of conviction" for any such relief (CPL 440.46-a [2] [a]) and is not automatic. Should the court deny defendant's CPL 440.46-a motion, this Court may review the court's order denying the same on appeal therefrom (see Hall, 202 AD3d at 1486). In light of the procedure outlined by CPL 440.46-a, we reject defendant's contention that Penal Law article 222 should be applied retroactively to require vacatur of the marihuana conviction on direct appeal (see People v Ramos, 202 AD3d 410, 413 [1st Dept 2022], lv denied 38 NY3d 953 [2022], reconsideration denied 38 NY3d 1135 [2022]; see generally People v Vaughn, 203 AD3d 1729, 1730 [4th Dept 2022], lv denied 38 NY3d 1036 [2022]).
Contrary to defendant's further contention, the sentence is not unduly harsh or severe. Finally, as we previously noted (see Bennett, 180 AD3d at 1358), and as the People correctly concede, the indeterminate terms of incarceration imposed on the criminal possession of a weapon in the third degree counts is illegal (see Penal Law §§ 70.02 [1] [c]; [2] [c]; 265.02 [8]; see also People v Goston, 9 AD3d 905, 907 [4th Dept 2004], lv denied 3 NY3d 706 [2004]). We therefore modify the judgment by vacating the sentences imposed on counts 7 through 16 of the indictment, and we remit the matter to Supreme Court for resentencing on those counts.
Entered: November 10, 2022
Ann Dillon Flynn
Clerk of the Court