People v Jones (2023 NY Slip Op 00604)

People v Jones

2023 NY Slip Op 00604

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, BANNISTER, MONTOUR, AND OGDEN, JJ.

1023 KA 19-01219

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SANDY JONES, DEFENDANT-APPELLANT. 

ANTHONY J. LANA, BUFFALO, FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. MATTLE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered December 5, 2018. The judgment convicted defendant, upon a jury verdict, of assault in the first degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of assault in the first degree (Penal Law
§ 120.10 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]).
Defendant's contention that Supreme Court erred at trial by admitting in evidence testimony about his flight from the scene of the crime is unpreserved for our review (see People v Turner, 197 AD3d 997, 998-999 [4th Dept 2021], lv denied 37 NY3d 1061 [2021]; see also People v Cullen, 110 AD3d 1474, 1475 [4th Dept 2013], affd 24 NY3d 1014 [2014]). In any event, the contention lacks merit. "The limited probative force of flight evidence . . . is no reason for its exclusion" (People v Yazum, 13 NY2d 302, 304 [1963], rearg denied 15 NY2d 679 [1964]). Moreover, "ambiguities or explanations tending to rebut an inference of guilt [arising from evidence of flight] do not render flight evidence inadmissible but, rather, must be introduced as a part of the defense" (id. at 305; see People v Waterman, 39 AD3d 1259, 1259 [4th Dept 2007], lv denied 9 NY3d 927 [2007]). Contrary to defendant's related contention, the court did not err in charging the jury with respect to evidence of flight. There was sufficient evidence of flight to warrant a charge on that evidence (see People v Martinez, 298 AD2d 897, 899 [4th Dept 2002], lv denied 98 NY2d 769 [2002], cert denied 538 US 963 [2003], reh denied 539 US 911 [2003]), and the court gave appropriate limiting instructions in the jury charge that evidence of flight is of slight value and that there may be an innocent explanation for flight (see People v Hall, 202 AD3d 1485, 1487 [4th Dept 2022], lv denied 38 NY3d 1134 [2022]).
Defendant's contention that he was deprived of a fair trial by prosecutorial misconduct on summation is, for the most part, unpreserved for our review inasmuch as defendant failed to object to all but one of the statements he now challenges on appeal (see generally People v Freeman, 206 AD3d 1694, 1695 [4th Dept 2022]; People v Smith, 150 AD3d 1664, 1666 [4th Dept 2017], lv denied 30 NY3d 953 [2017]). In any event, the challenged remarks were "not so pervasive or egregious as to deprive defendant of a fair trial" (People v Elmore, 175 AD3d 1003, 1005 [4th Dept 2019], lv denied 34 NY3d 1158 [2020] [internal quotation marks omitted]) and did not shift the burden to defendant (see People v Coleman, 32 AD3d 1239, 1240 [4th Dept 2006], lv denied 8 NY3d 844 [2007]).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Even assuming, arguendo, that a different verdict would not have been unreasonable, we cannot [*2]conclude that the jurors "failed to give the evidence the weight it should be accorded" (People v Albert, 129 AD3d 1652, 1653 [4th Dept 2015], lv denied 27 NY3d 990 [2016]; see generally Bleakley, 69 NY2d at 495).
Finally, we reject defendant's contention that he was denied effective assistance of counsel. Defendant failed to meet his burden of demonstrating "the absence of strategic or other legitimate explanations" for defense counsel's allegedly deficient conduct (People v Rivera, 71 NY2d 705, 709 [1988]; see People v Carver, 27 NY3d 418, 421 [2016]). Viewing the evidence, the law, and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court