People v Torres (2023 NY Slip Op 03650)

People v Torres

2023 NY Slip Op 03650

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, OGDEN, AND GREENWOOD, JJ.

547 KA 20-01575

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RAPHAEL C. TORRES, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (Suzanne Maxwell Barnes, J.), rendered May 17, 2019. The judgment convicted defendant upon a jury verdict of robbery in the second degree and robbery in the third degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of one count of robbery in the second degree (Penal Law § 160.10 [3]) and two counts of robbery in the third degree (§ 160.05). The charges arose from incidents in which defendant forcibly stole a vehicle and purse from one victim and, the following day, forcibly stole a purse from a second victim.
We reject defendant's contention that County Court erred in permitting the People to introduce certain Molineux evidence. The court properly concluded that the evidence "provided necessary background information on the nature of the relationship and placed the charged conduct in context" (People v Dorm, 12 NY3d 16, 19 [2009]; see People v Swift, 195 AD3d 1496, 1499 [4th Dept 2021], lv denied 37 NY3d 1030 [2021]; see generally People v Frankline, 27 NY3d 1113, 1115 [2016]) and that it was relevant to the issues of defendant's intent and motive (see Dorm, 12 NY3d at 19; People v Cung, 112 AD3d 1307, 1310 [4th Dept 2013], lv denied 23 NY3d 961 [2014]). We further conclude that the court did not abuse its discretion in determining that the probative value of the evidence outweighed its potential for prejudice to defendant (see Dorm, 12 NY3d at 19; see generally People v Alvino, 71 NY2d 233, 242 [1987]). Moreover, the court's repeated limiting instructions minimized any such prejudice (see People v Murray, 185 AD3d 1507, 1508 [4th Dept 2020], lv denied 36 NY3d 974 [2020]; People v Matthews, 142 AD3d 1354, 1356 [4th Dept 2016], lv denied 28 NY3d 1125 [2016]).
We reject defendant's contention that the evidence is not legally sufficient to support the conviction of robbery in the third degree under count 3 of the indictment (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Moreover, viewing the evidence in light of the elements of counts 1 and 2 as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict with respect to those counts is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). Although a different verdict would not have been unreasonable, it cannot be said that the jury "failed to give the evidence the weight it should be accorded" (id.; see People v Kalinowski, 118 AD3d 1434, 1436 [4th Dept 2014], lv denied 23 NY3d 1064 [2014]).
We agree with defendant that the court erred in admitting in evidence a recording of a 911 call made by a witness to one of the incidents. The 911 recording constitutes hearsay (see People v Buie, 86 NY2d 501, 505 [1995]), and no exception to the rule against hearsay applies herein. Nevertheless, we conclude that the error was harmless because "the 'proof of [defendant's] guilt [*2]was overwhelming . . . and . . . there was no significant probability that the jury would have acquitted [him] had the proscribed evidence not been introduced' " (People v Spencer, 96 AD3d 1552, 1553 [4th Dept 2012], lv denied 19 NY3d 1029 [2012], reconsideration denied 20 NY3d 989 [2012], quoting People v Kello, 96 NY2d 740, 744 [2001]; see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Contrary to defendant's contention, we conclude that the sentence is not unduly harsh or severe. We have reviewed defendant's remaining contention and conclude that it does not warrant modification or reversal of the judgment.
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court