People v Gamlen (2023 NY Slip Op 06684)

People v Gamlen

2023 NY Slip Op 06684

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, GREENWOOD, AND DELCONTE, JJ.

998 KA 21-01425

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
COREY A. GAMLEN, DEFENDANT-APPELLANT. 

LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR DEFENDANT-APPELLANT.
BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered July 20, 2021. The judgment convicted defendant upon his plea of guilty of grand larceny in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of grand larceny in the fourth degree (Penal Law
§ 155.30 [8]). He contends that County Court improperly sentenced him as a second felony offender because, at the time of sentencing, his predicate felony conviction for criminal sale of marihuana in the third degree (former § 221.45) was no longer a felony pursuant to the newly enacted Marihuana Regulation and Taxation Act (MRTA), which, inter alia, repealed Penal Law article 221 and enacted article 222 (see L 2021, ch 92, §§ 15-16). Defendant primarily argues that MRTA was ameliorative in nature, and therefore should be retroactively applied to essentially vacate the predicate felony conviction. We reject defendant's contention.
To ascertain whether a prior conviction qualifies as a predicate felony for second felony offender purposes, "[t]he [l]egislature's definition in the second felony offender statute signals its intent to look at the time of the prior crime—and the law [in effect] at that time" (People v Walker, 81 NY2d 661, 665 [1993]). With respect to the amelioration doctrine, "[a]bsent a constitutional violation, the validity and effect of a final judgment of conviction—which includes sentencing—are properly evaluated under the law existing at the time the conviction was obtained or by subsequent law applicable to the judgment under principles of retroactivity" (id. at 667 [internal quotation marks omitted]; see People v Utsey, 7 NY3d 398, 404 [2006]). That doctrine "does not require reconsideration of final judgments under statutes that are later amended," and "[w]hen . . . defendant[s] [are] sentenced as . . . second felony offender[s], the initial felony case is not reopened, nor [are] defendant[s] punished again for [their] initial crime" (Walker, 81 NY2d at 667).
Here, there is no dispute that, under the law existing at the relevant time, defendant's predicate felony conviction was valid and, at no time has defendant sought to vacate that judgment of conviction. To the extent that defendant argues that the enactment of MRTA requires automatic vacatur of convictions under Penal Law article 221, we note that this Court has rejected similar contentions that MRTA should be applied retroactively to require automatic vacatur (see e.g. People v Bennett, 210 AD3d 1421, 1423 [4th Dept 2022]; People v Hall, 202 AD3d 1485, 1485-1486 [4th Dept 2022], lv denied 38 NY3d 1134 [2022]). We therefore conclude that defendant's predicate felony conviction was not vitiated merely by the enactment of MRTA. Indeed, we reiterate that "[t]he proper mechanism for vacating [defendant's predicate] marihuana conviction is through the process detailed in CPL 440.46-a, which requires defendant to first 'petition the court of conviction' for any such relief (CPL 440.46-a [2] [a]) and [*2]is not automatic" (Bennett, 210 AD3d at 1423). Consequently, the court did not err in sentencing defendant as a second felony offender based on his predicate marihuana conviction inasmuch as that conviction was proper under the law in effect at the time it was obtained, and defendant did not obtain vacatur of that conviction before he was sentenced (see generally CPL 440.46-a; Walker, 81 NY2d at 667-668).
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court