People v Williams (2024 NY Slip Op 03255)

People v Williams

2024 NY Slip Op 03255

Decided on June 14, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, GREENWOOD, AND NOWAK, JJ.

166 KA 23-01569

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GIORGIO WILLIAMS, DEFENDANT-APPELLANT. 

NICHOLAS T. TEXIDO, WEST SENECA, FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered December 18, 2020. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree and unlawful possession of marihuana. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and unlawful possession of marihuana (former § 221.05). Viewing the evidence in light of the elements of the crime of criminal possession of a weapon in the second degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that, although "an acquittal would not have been unreasonable" (id. at 348), the verdict with respect to that crime is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant's contention that he was denied a fair trial by the prosecutor's mischaracterization of certain DNA evidence during opening statements and summation is unpreserved for our review inasmuch as defendant did not object to the alleged instances of misconduct (see People v Watts, 218 AD3d 1171, 1174 [4th Dept 2023], lv denied 40 NY3d 1013 [2023]; People v Graham, 171 AD3d 1566, 1570 [4th Dept 2019], lv denied 33 NY3d 1104 [2019]). In any event, although the prosecutor may have overstated the import of the DNA evidence, any improper remarks were not so pervasive and egregious as to deny defendant a fair trial (see People v Lively, 163 AD3d 1466, 1468-1469 [4th Dept 2018], lv denied 32 NY3d 1065 [2018]; see also People v King, 224 AD3d 1313, 1314 [4th Dept 2024]). Contrary to defendant's further contention, defense counsel's failure to object to the prosecutor's remarks did not deprive defendant of effective assistance of counsel (see People v Palmer, 204 AD3d 1512, 1514-1515 [4th Dept 2022], lv denied 38 NY3d 1190 [2022]).
Finally, we reject defendant's contention that his marihuana conviction is automatically vacated as a matter of law. Inasmuch as defendant was not serving a sentence of incarceration for the marihuana conviction at the time the Marihuana Regulation and Taxation Act (MRTA) became effective (see CPL 440.46-a [1]), the "proper mechanism for vacating his marihuana conviction is through the process detailed in CPL 440.46-a, which requires defendant to first 'petition the court of conviction' for any such relief (CPL 440.46-a [2] [a]) and is not automatic" (People v Bennett, 210 AD3d 1421, 1423 [4th Dept 2022]; see People v Gamlen, 222 AD3d 1440, 1441 [4th Dept 2023], lv denied 41 NY3d 965 [2024]). Defendant has not petitioned the court of conviction for vacatur, and his contention is not properly before us on direct appeal from the judgment of conviction (see People v Hall, 202 AD3d 1485, 1486 [4th Dept 2022], lv denied 38 NY3d 1134 [2022]).
Entered: June 14, 2024
Ann Dillon Flynn
Clerk of the Court