People v Bailey (2025 NY Slip Op 03497)

People v Bailey

2025 NY Slip Op 03497

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, NOWAK, AND HANNAH, JJ.

837 KA 17-02095

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES BAILEY, DEFENDANT-APPELLANT.

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN N. MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DAVID D. BASSETT OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered April 6, 2017. The judgment convicted defendant upon a jury verdict of course of sexual conduct against a child in the first degree and course of sexual conduct against a child in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [former (a)]) and course of sexual conduct against a child in the second degree (§ 130.80 [1] [b]). Defendant failed to preserve for our review his contentions that County Court should have suppressed as involuntary the admissions he made to the police inasmuch as he made them in order to get food or drugs (see People v Hildreth, 199 AD3d 1366, 1368 [4th Dept 2021], lv denied 37 NY3d 1161 [2022]); that the court improperly admitted the testimony of an expert with respect to child sexual abuse accommodation syndrome (see CPL 470.05 [2]; People v Goupil, 104 AD3d 1215, 1216 [4th Dept 2013], lv denied 21 NY3d 943 [2013]; see also People v LoMaglio, 124 AD3d 1414, 1416 [4th Dept 2015], lv denied 25 NY3d 1203 [2015]); and that the court erred in admitting improper bolstering testimony (see CPL 470.05 [2]; People v Cotton, 120 AD3d 1564, 1566 [4th Dept 2014], lv denied 27 NY3d 963 [2016]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see generally CPL 470.15 [6] [a]).
We reject defendant's contention that the court erred in permitting the People to introduce certain Molineux evidence. The court properly concluded that the evidence "provided necessary background information on the nature of the relationship and placed the charged conduct in context" (People v Torres, 217 AD3d 1585, 1585 [4th Dept 2023], lv denied 40 NY3d 999 [2023] [internal quotation marks omitted]; see People v Washington, 122 AD3d 1406, 1408 [4th Dept 2014], lv denied 25 NY3d 1173 [2015]) and that it was relevant to establish the frequency, ongoing nature, and escalation of the abuse (see People v Workman, 56 AD3d 1155, 1156-1157 [4th Dept 2008], lv denied 12 NY3d 789 [2009]). The probative value of the evidence was not outweighed by its prejudicial effect, and the court's limiting instruction minimized any prejudice to defendant (see Torres, 217 AD3d at 1586; Washington, 122 AD3d at 1408).
By failing to object to the court's instructions to the jury, defendant failed to preserve for our review his contention that the court improperly charged the jury with a theory not included in the bill of particulars (see People v Abdullah, 194 AD3d 1346, 1347 [4th Dept 2021], lv denied 37 NY3d 990 [2021]).
We reject defendant's contention that the conviction is not supported by legally sufficient [*2]evidence establishing that defendant engaged in the statutory number of acts of sexual conduct against the child and that the sexual conduct occurred for a three-month period after November 2003 (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). To the extent that defendant on appeal also challenges the legal sufficiency of the evidence on grounds not raised in his motion to dismiss, those contentions are unpreserved (see People v Gray, 86 NY2d 10, 19 [1995]; see also People v Riley, 20 NY3d 980, 981 [2012]; see generally CPL 470.05 [2]), although we note that "we necessarily review the evidence adduced as to each of the elements of the crimes in the context of our review of defendant's challenge regarding the weight of the evidence" (People v Turner, 197 AD3d 997, 998 [4th Dept 2021], lv denied 37 NY3d 1061 [2021] [internal quotation marks omitted]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). Even assuming, arguendo, that a different verdict would not have been unreasonable, we cannot conclude that the jurors "failed to give the evidence the weight it should be accorded" (People v Albert, 129 AD3d 1652, 1653 [4th Dept 2015], lv denied 27 NY3d 990 [2016]). And any inconsistencies in the testimony of the witnesses merely presented credibility issues for the jury to resolve (see People v Cerroni, 225 AD3d 1117, 1120 [4th Dept 2024], lv denied 41 NY3d 1017 [2024]; People v Watts, 218 AD3d 1171, 1173-1174 [4th Dept 2023], lv denied 40 NY3d 1013 [2023]; People v Woolson, 122 AD3d 1353, 1355 [4th Dept 2014], lv denied 25 NY3d 1078 [2015]).
Defendant's contention that he was deprived of a fair trial by prosecutorial misconduct is not preserved for our review because defendant failed to object to any of the instances of alleged misconduct (see CPL 470.05 [2]; People v Heverly, 230 AD3d 1534, 1537 [4th Dept 2024], lv denied 42 NY3d 1053 [2024]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see generally CPL 470.15 [6] [a]).
We reject defendant's further contention that he was denied effective assistance of counsel. Defendant failed to demonstrate that defense counsel was ineffective in failing to seek suppression of defendant's admissions inasmuch as any such motion would have had little or no chance of success (see People v Garcia, 148 AD3d 1559, 1561 [4th Dept 2017], lv denied 30 NY3d 980 [2017]; see generally People v Herman, 217 AD3d 1469, 1470 [4th Dept 2023], lv denied 40 NY3d 997 [2023]). Defendant also failed to demonstrate the absence of a strategic or other legitimate explanation for defense counsel's decision to base the summation on the victim's written statement and her decision to not use the victim's prior inconsistent statements (see generally People v Wragg, 26 NY3d 403, 410-411 [2015]; People v Evans, 262 AD2d 1022, 1022 [4th Dept 1999], lv denied 94 NY2d 822 [1999]). We have examined defendant's remaining allegations of ineffective assistance of counsel and conclude that they lack merit. Viewing the evidence, the law, and the circumstances of this case in totality and as of the time of representation, we conclude that defense counsel provided meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Defendant failed to preserve for our review his contention that, in sentencing him, the court penalized him for exercising his right to a jury trial (see People v Mohamed, 224 AD3d 1271, 1271-1272 [4th Dept 2024], lv denied 41 NY3d 984 [2024]; People v Ott, 200 AD3d 1642, 1645 [4th Dept 2021], lv denied 38 NY3d 953 [2022], cert denied — US &mdash, 143 S Ct 403 [2022]). We reject defendant's contention that the sentence is unduly harsh and severe.
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court