People v Johnson (2025 NY Slip Op 05337)

People v Johnson

2025 NY Slip Op 05337

Decided on October 3, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, SMITH, OGDEN, AND HANNAH, JJ.

607 KA 23-00068

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RIYAD JOHNSON, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, DISTRICT ATTORNEY, BUFFALO (JERRY MARTI OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered January 3, 2023. The judgment convicted defendant upon a plea of guilty of attempted criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]). We affirm.
Defendant contends that Supreme Court erred in refusing to suppress physical evidence, i.e., a gun, inasmuch as the evidence was the fruit of an unlawful stop of defendant's vehicle. We reject that contention. The evidence at the suppression hearing established that the police lawfully stopped defendant's vehicle after they observed him violate a provision of the Vehicle and Traffic Law when he failed to use a directional signal before turning (see People v Hall, 202 AD3d 1485, 1487 [4th Dept 2022], lv denied 38 NY3d 1134 [2022]; People v Nikiteas, 167 AD3d 1556, 1558 [4th Dept 2018], lv denied 33 NY3d 952 [2019]; see generally Vehicle and Traffic Law § 1163 [b]; People v Hinshaw, 35 NY3d 427, 433-434 [2020]). Once the vehicle was stopped, a passenger exited the vehicle, causing the gun to drop to the ground, which gun the police observed in plain view, justifying police seizure of that evidence (see People v Taylor, 225 AD3d 1202, 1203 [4th Dept 2024]; Hall, 202 AD3d at 1487).
Defendant also contends that the court erred in refusing to suppress the gun on the basis that the police lacked reasonable suspicion when they first started following his vehicle, which occurred before the alleged traffic violation. We reject that contention. In this case, the police were responding to reports of shots fired when they saw defendant's vehicle traveling in the opposite direction. The vehicle sped up as it passed the police, which caused the police to make a U-turn and start following defendant's vehicle. The police observed defendant commit a traffic violation shortly after they started following him. Although police pursuit of a suspect must be supported by reasonable suspicion (see People v Milord, 230 AD3d 1567, 1568 [4th Dept 2024], lv denied 42 NY3d 1036 [2024]; People v Lobley, 31 AD3d 1161, 1163 [4th Dept 2006]), "mere surveillance need not be justified by reasonable suspicion," and therefore "[t]he police may 'continue observation provided that they do so unobtrusively and do not limit defendant's freedom of movement by so doing' " (People v Thornton, 238 AD2d 33, 36 [1st Dept 1998], quoting People v Howard, 50 NY2d 583, 592 [1980], cert denied 449 US 1023 [1980]; see People v Sobotker, 43 NY2d 559, 564-565 [1978]). Here, there is no evidence that, when they started following defendant's vehicle, the police officers limited defendant's freedom of movement or took any other action to elevate the encounter into one requiring reasonable suspicion. Rather, the police were merely "pursu[ing] their law enforcement obligations, in continuing to keep the car under observation" until they observed defendant violate a provision [*2]of the Vehicle and Traffic Law and could lawfully initiate a traffic stop (Sobotker, 43 NY2d at 564).
We reject defendant's further contention that the vehicle stop was unlawful on the basis that it was pretextual. It is well settled that, where the police have probable cause to believe that the driver of an automobile has committed a traffic violation, a vehicle "stop does not violate [the state or federal constitutions, and] . . . neither the primary motivation of the officer nor a determination of what a reasonable traffic officer would have done under the circumstances is relevant" (People v Williams, 224 AD3d 1332, 1333 [4th Dept 2024] [internal quotation marks omitted]; see People v Addison, 199 AD3d 1321, 1321-1322 [4th Dept 2021]; People v Howard, 129 AD3d 1469, 1470 [4th Dept 2015], lv denied 26 NY3d 968 [2015], reconsideration denied 26 NY3d 1089 [2015]). In light of the police officers having personally observed defendant commit a traffic violation, giving them probable cause to effectuate the traffic stop, the police officers' other motivations in stopping the vehicle—i.e., investigating a separate criminal matter—were irrelevant to determining whether the stop was lawful (see Williams, 224 AD3d at 1333-1334; see generally People v Robinson, 97 NY2d 341, 349 [2001]).
Finally, contrary to defendant's further contention, " '[n]othing about the officer[s'] testimony was unbelievable as a matter of law, manifestly untrue, physically impossible, contrary to experience, . . . self-contradictory' " or tailored to nullify constitutional objections (People v Knighton, 144 AD3d 1594, 1594-1595 [4th Dept 2016], lv denied 28 NY3d 1147 [2017]; see Nikiteas, 167 AD3d at 1558). We therefore discern no basis in the record for disturbing the court's finding that probable cause existed for the traffic stop (see People v Rucker, 165 AD3d 1638, 1638 [4th Dept 2018], lv denied 32 NY3d 1177 [2019]).
Entered: October 3, 2025
Ann Dillon Flynn
Clerk of the Court